### SMART v. FISHER.

Where an allowance of a gross sum is made by the county court to executors or administrators, as compensation for their services, it must be equally divided; and one cannot retain the whole sum on the ground that the other had rendered no services. The county court, however, may, where one has performed more than his equal share of labor, allow him a compensation proportioned to his services.

Appeal from the Circuit Court of Callaway county.

Todd for Appellant.

*Opinion of the Court delivered by Tompkins, Judge.*\*

Fisher sued Smart before a justice of the peace, and obtained a judgment. Smart appealed to the circuit court, where judgment was again given against him, to reverse which, he appeals to this court.

On the trial of the cause it was proved that the plaintiff, the defendant, and one Polly Ratchin, had been appointed executors of the last will and testament of John Ratchin; that they gave bond, and took the oath required by law, and that on final settlement of the estate of the deceased, the county court allowed them, the said executors and executrix, as a full compensation for their services, the sum of $259.81, and that Smart, having possession of the money, Fisher demanded one-third part thereof, which Smart refused to pay.

---

*Napton, Judge, absent from the bench.

The defendant, Smart, then offered to prove that the plaintiff had rendered no services, and had been at no expense or trouble in the administration of said estate. To the introduction of this testimony, the plaintiff objected, and the court sustained the objection. The defendant excepted to the decision of the circuit court excluding his testimony.

The circuit court, on motion of the plaintiff, instructed, the jury that the executors and executrix were each entitled to one-third part of the sum allowed by the county court. The defendant excepted to the giving of this instruction; and demanded of the court to give the four long instruction, which amounting to nothing more than an argument against the instruction already given, they will be passed over.

The fifteenth section of the sixth article of the act concerning Executors and Administrators provides, that they shall be allowed for their trouble not exceeding six per cent. on the whole amount of personal estate, and on the money arising from the sale of lands, &c. If, then, any one executor or administrator shall have performed more than an equal share of the labors incident to his duty as such executor or administrator, he who had performed such extraordinary duty ought to have applied to the county court for an allowance proportioned to his labors.

That tribunal, which is by law appointed to decide on the amount of the whole compensation for the administration, has necessarily jurisdiction over each part. The possession, which Smart was proved to have, of the money of the estate, did not authorize him to appropriate one cent of it without the express order of the court; and, in contemplation of law, it was as much beyond his reach as if it had been locked in an iron chest, of which the court kept the key. The appropriation, then, of a gross sum of $259.81 being made as compensation for the three, the presumption necessarily arises, that it is to be equally divided: but if any one of the three thinks himself entitled to a greater share than the third, it is his duty to apply to the court to settle the worth of his particular services. Either of the other two executors had as much right to the possession of that money

Where an allowance of a gross sum is made by the county court to executors or administrators, as compensation for their services, it must be equally divided: and one cannot retain the whole sum on the ground that the other had rendered no services. The county court, however, may, where one has performed

as Smart. He, by taking to himself the whole allowance, and refusing on demand to pay to Fisher the third, makes himself liable to Fisher for so much money by him had and received for Fisher's use.

The circuit court, then committed no error in giving the instruction asked by the plaintiff there. Its judgment is therefore affirmed.