IN RE ESTATE OF LUDWIG SEITZ; CHARLES SEITZ,
Appellant.

November 26, 1878.

The statute fixes the compensation of executors at a certain *per centum*, and the
courts have no power to determine the relative value of services as between
co-executors, and divide the commissions accordingly. Where there are
two executors, the court properly applies the arbitrary rule, and orders that
one-half of the commissions be paid to each.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

JAMES TAUSSIG, for appellant: Upon the application of
one of two executors, the Probate Court may apportion
commissions according to the services rendered by each ex-
ecutor. — *Smart* v. *Fisher,* 7 Mo. 580; *Grant* v. *Pride,* 1
Dev. Eq. 270; *In re Walker,* 9 Serg. & R. 229; *Hope* v.
*Jones,* 24 Cal. 89; *In re Isaacs,* 2 Barb. Ch. 438; *Hodge*
v. *Hawkins,* Dev. & B. 564.

EDWARD C. KEHR, for respondent, cited: Wag. Stats. 108,
sect. 9; *White* v. *Bullock,* 4 Abb. App. Dec. 578.

HAYDEN, J., delivered the opinion of the court.

The appellant, together with one Schumaker, was named
as executor in the last will of Ludwig Seitz. Both executors
qualified and gave a joint bond, each furnishing his propor-
tion of the sureties. They filed a joint inventory and
appraisement, and all settlements were presented and made
by them together, and all action taken in the course of the
administration was in the names of both. At the October
term, 1874, of the St. Louis Probate Court, they pre-
sented their final settlements, in which they claimed as a
credit $2,490.30, being a commission, at five per cent, on
$49,806.08. Of this commission the appellant moved the
court to allow him $2,241.27, and to make division between
the two executors on that basis, upon the ground that this

would be according to the services respectively rendered by the executors to the estate ; and to sustain this motion the appellant offered to produce evidence. The Probate Court approved the settlement, and made distribution under the will ; but refused to hear testimony or apportion the commissions as asked, on the ground that it had no jurisdiction in the premises.

Upon appeal, the Circuit Court, the same motion being made, heard testimony introduced by the appellant tending to prove he had done the greater part of the work in the administration of the estate, and that his services as executor were worth the proportion of the commissions which he claimed. The appellant then asked the court to rule that the two executors were entitled to commissions in proportion to the services rendered by them respectively as executors. This the court refused to do, and made an order that, the executors being entitled to an equal division of the commissions, there be paid to each one-half of the commissions in full compensation for his services and trouble as executor in the administration of the estate.

The first question presented is whether the appellant was entitled to an order, as prayed for, for the apportionment of the commissions. The statute reads : "In all settlements of executors or administrators, the court shall settle the same according to law, allow all disbursements and appropriations made by order of the court, and all reasonable charges for funeral expenses, leasing real estate, legal advice and service, and collecting and preserving the estate, and, as full compensation for their services and trouble, a commission of five per cent on personal estate and on money arising from the sale of real estate." Wag. Stats. 108, sect. 9. There is here no power to pass upon questions as to the relative worth of services of executors, and to divide the commissions accordingly. It is obvious that where, as here, a controversy between executors springs up, it is not in regard to the administration of an estate, as such, but in

regard to an incidental matter growing out of the fact that the estate has been administered.   Unless we proceed upon the principle that the Probate Court has power analogous to that of courts of equity to decide, not only controversies which belong to its peculiar jurisdiction, but those which incidentally attach themselves to money or property in the disposition of the court, with a view of making a complete adjustment, we must deny the claim of the appellant.   The statute has no words which either give or imply the power ; and it is manifest that the controversy is not a claim against an estate, or involving the funds of an estate.

The statutory provision on this subject was formerly as follows :  "Executors and administrators shall be allowed for their trouble not exceeding six per cent on the whole amount of personal estate and the money arising from the sale of lands, with such additional allowance for hiring out slaves, leasing real estate, and collecting and preserving the estate, as the County Court shall deem reasonable."   Rev. Stats. 1835, p. 61, sect. 15.   Under this provision, the matter of adjusting the executor's compensation was imposed as a duty upon the County Court ; and accordingly, in *Smart* v. *Fisher*, 7 Mo. 580, where the County Court had allowed executors a sum in full compensation for their services, and Smart, one of them, obtaining possession of the money, was sued before a justice of the peace by Fisher for the latter's share, and where Smart offered to prove, in defence, that Fisher had rendered no service, the Supreme Court held that the plaintiff could not recover ; that under the statute as it then stood, where one executor performed more than his share of the necessary labor he should apply to the County Court for a proportionate allowance.   The ground of this decision, even if it had not been stated, would be obvious.   The statute fixed merely a maximum.   The County Court was required to investigate and decide as to the amount.   This investigation involved the question of the services actually rendered.   At the present time there is no investigation

implied. The statute is imperative. The services may be merely nominal, or, on the other hand, may involve great labor and responsibility ; but as the statute fixes, " as full compensation for their services and trouble, a commission of five per cent," there is no opportunity afforded for the court to consider the element of excess of labor. As for the propriety and convenience of an equitable apportionment in the Probate Court, that addresses itself to the Legislature.

The cases in which this question has arisen in other States turn generally upon their peculiar statutory provisions. The cases of *Wickersham's Appeal*, 64 Pa. St. 67, and *Stevenson's Estate*, 1 Pars. Eq. Cas. 18, may be considered as sustaining the position already taken. The appellant cites no case where, under a statute which imperatively establishes a compensation and supersedes all investigation, it has been held that a court of probate may apportion the commission according to the value and amount of service rendered by respective executors. The California cases apparently did not arise under such a statute. If the decision in *White* v. *Bullock*, 20 Barb. 91, was ever authority for the position now contended for, its authority was destroyed by the Court of Appeals in the same case, reported in 4 Abbott, 578. In the last decision, it is said by the court : " As the Revised Statutes upon which the whole question depends gave the compensation to the *executors* in general terms, without providing for any apportionment among them upon equitable principles, the legal consequence clearly was that where there were several executors the compensation was to be divided equally among them. The right to compensation was a strict *statutory* right, not depending upon any equities whatever, and each was entitled to what the statute gave."

The appellant contends that if the Probate Court could not apportion according to services rendered, then the Circuit Court erred in making the order by which it directed that one-half of the commissions be paid to each executor ; that the matter should have been left for adjustment by

agreement or by litigation between the two executors to whom commissions are allowed jointly in the settlement. But to investigate and decide as to the amount and value of services actually rendered is a different thing from ordering an equal division among the executors. The latter implies no power to apportion according to service. It, on the contrary, negatives that power, and adopts an arbitrary numerical rule which is the effect of the statute. The objection to apportionment on the basis of service rendered is that it imports an equity into the statute which is not there, and gives the Probate Court a power not expressed by any words of the act. The numerical division does not proceed upon the ground that equality is equity, for here it may not be so, but upon ordinary legal construction applied to words of an act.

The judgment is affirmed. All the judges concur.