Nov. Term,<br>1850.<br><br>Hays<br>v.<br>Buffington.

---

## Hays v. Buffington and Wife.

The widow of any decedent may take property or money to the amount of 150 dollars, immediately after the appraisement or sale, without reference to the debts or expenses of the administration; and, when so taken, may be considered as so much deducted from the assets in the hands of the administrator. It constitutes no portion of the surplus remaining after payment of debts, and to which the act relative to distribution has reference.

ERROR to the *Dearborn* Probate Court.

Wednesday,<br>December 4.

Smith, J.—*Hays*, administrator of *Solomon Hays*, filed an account in the Probate Court of *Dearborn* county, showing that after payment of the debts and expenses of the estate, there remained in his hands a surplus, amounting to 320 dollars and 48 cents, for distribution. The intestate left no children or issue of children, and the Court, according to the provisions of section 367, c. 30, p. 552, R. S., directed this surplus to be equally divided between the widow and the father of the intestate, who were living.

The widow had previously received 150 dollars in money and in property selected at its appraised value, and it is objected to the order made by the Probate Court, that she was not entitled to receive a moiety of the surplus in the administrator's hands for distribution in addition to the sum thus previously received by her.

We think the objection is not tenable.   Under the act of *February* 13th, 1843, (R. S. p. 1049,) the widow of any decedent is entitled to select, at its appraised value, property of her deceased husband to the amount of 150 dollars, or if the said property shall have been sold, she is entitled to 150 dollars in money, for which she is not required to account.

That amount of property or money the widow may take immediately after the appraisement or sale, without reference to the debts or expenses of the administration, and when so taken it may be considered as so much deducted from the assets in the hands of the administrator. It constitutes no part of the surplus remaining after payment of the debts, and to which the act relative to distribution has reference.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Macy*, for the plaintiff.

*W. S. Holman*, for the defendant.