LYDIA C. MEECH *v.* WILLIAM WESTON ET AL.

(IN CHANCERY.)

*Probate Court. Settlement of Estates. Will.*

The oratrix was bequeathed a legacy and annuity by her husband's will. She, in good faith, appealed from the allowance of the will by the probate court, and during the pendency of the appeal the probate court allowed her unconditionally a certain sum from the estate for her support under sec. 29, chap. 48, Comp. Stat. 330; and the same was accordingly paid to her. The will was subsequently established. *Held,* that this allowance was independent of her legacy and annuity under the will, and that the executors or heirs could not treat it as in part payment thereof.

BILL IN CHANCERY. The facts in the case are sufficiently stated in the opinion of the court. The chancellor rendered a decree for the oratrix according to the prayer of the bill, from which the defendants, the legatees of Ezra Meech, appealed.

*Roberts & Chittenden,* for the defendants.

*Geo. F. Edmunds* and *Levi Underwood,* for the oratrix.

POLAND, Ch. J. The object of this bill is to enforce the payment of a legacy of one thousand dollars, and an annuity of nine hundred dollars per annum, given to Mrs. Meech by the will of her late husband, Ezra Meech. That these provisions were made in her favor by said will is conceded, and also that they have not been paid to her, and that ample estate was left by the testator to fulfill these and all other bequests made by his will. The executors have allowed the bill of the oratrix to be taken as confessed by them, and they do not resist her claim to a decree for the full amount she claims. The other defendants, the sons and grandchildren of the testator, resist her right to the payment of this legacy and annuity upon two grounds. 1st, they claim that certain sums of money which were paid to her by the special administrator on the estate for her support and maintenance, under the order of the probate court during the pendency of the appeal from the order of the probate court allowing the will, should be deducted therefrom, 2d, that the personal estate of the

36

testator which was by his will made the primary fund for the payment of his debts, is insufficient for that purpose, without recalling from the oratrix some portion or all of the personal property received by her under a specific devise of personalty to her in the will, and that they have the right to require this in order to avoid having the real estate, devised to them, made subject to the debts.

It appears from the case that the appeal from the allowance of the will was taken by Mrs. Meech ; that she entered her appeal in the county court, when the same was continued for two or three terms, when by the consent of parties under some arrangement or other, the decree of the probate court allowing the will was affirmed. The defendants allege in their answer that this appeal was taken without any good reason, or any purpose to really contest the allowance of the will, but to create delay in the settlement of the estate, for the very purpose of enabling her to get an allowance out of the estate by the probate court for her support in the meantime. These allegations in the answer are not responsive to anything contained in the bill, and therefore in order to have any effect given them in the case, they must be established by proof by the defendants. It does not appear from any evidence in the case upon what ground the oratrix claimed the will to be invalid, nor whether there were any reasons existing to induce a belief that it could be successfully contested. We are not at liberty, however, without proof, to attribute to the oratrix any fraudulent or improper motive for an act which was legal in itself, and thereby affect her unfavorably with the consequences of such inference. She is entitled to the common presumption of having acted with fairness and honesty until the contrary is proved. It is unnecessary, therefore, to determine whether a delay, if improperly caused by the oratrix herself, could have the effect of defeating her right to claim a fulfillment of the provisions of the will in her favor to the full extent.

While the appeal was thus pending, the oratrix applied to the probate court for an allowance out of the estate for her support and maintenance under the provisions of sec. 29 of chap. 48, Comp. Stat., p. 330, and the probate court ordered the special

administrator to pay to her various sums out of the estate from time to time, which payments amounted in all to the sum of twenty-two hundred dollars. The last order of the probate court on this subject was appealed from by Edgar Meech, one of these defendants, but the order was subsequently affirmed in the county court by his consent.

It does not become necessary for us to decide in this case whether under this section of the statute it rested wholly in the discretion of the probate court to make any allowance for the widow's support, or whether he was imperatively bound to grant her some allowance, the amount resting in his discretion, for it is conceded that he had the legal jurisdiction and power to make it, and it could not be controverted, except by an appeal from the order. The necessity and propriety of such order, at least so far as the sum was concerned, was wholly within the jurisdiction and discretion of the probate judge. He made his order for the payment for her maintenance unconditional and absolute, and under that order it was paid to her. Now upon what ground and by what right can this court say that the sums thus ordered to be paid to her for her support, shall stand as payments to her of her legacies under the will? The order of the judge of probate might perhaps have been made conditional, so that she would have been made liable to account for sums so received by her as payments made under the will, if that should be ultimately established; but the order was not so made. It was paid to her unconditionally, for her support under the provisions of the statute, and we could not now say these sums should be treated as payments on her legacies, without really setting aside and annulling the decrees and orders of the probate court.

We could not hold the oratrix in this case liable to account for the sums so received by her under the said orders of the probate court, without holding as matter of law that all sums ordered by the probate court for the maintenance of the widow and minor children of a testator, under the provisions of said 29th section are but advancements to them to be ultimately deducted from whatever they may be entitled to under the will. Such a construction of the section would amount to a virtual repeal of it, and it would seem almost necessary to hold that if either of such

Meech *v.* Weston et al.

persons were entitled to nothing under the will, they could be allowed nothing for maintenance during the settlement of the estate.

The chancellor was right in refusing to allow these allowances to be set up against the legacy and annuity given by the will.

In reference to the claim set up that the personal property which the oratrix has received under the specific devise of personalty to her should be returned so that the same may be applied in payment of debts : in the first place we regard it as very doubtful, taking the whole will together, whether it can fairly be said that the property thus set apart by the testator for the widow, was intended to be sequestered by the will for the payment of debts, if the other personalty should be insufficient for that purpose, but we do not find it necessary to decide that point.

In the next place we are not satisfied from the proof that it is fairly made out that there is not sufficient personal estate to pay all the debts, without resort to this personal estate given over to the widow.

The amount of the debts against the estate is very small except a contingent claim. Now what the contingency is upon which this claim depends does not appear, or what probability there is that it will ever have to be paid by the estate, and we should hardly be prepared to now take from the oratrix what she had been allowed to take by the executors, to meet a debt which may never have to be paid. The bill charges that there is sufficient personal estate in the hands of the executors to pay all the debts, and the executors, by confessing the bill, have admitted this to be true.

If it is not, and the executors have allowed the oratrix to receive the personal property devised to her, and thus prejudiced the other defendants who have received or are entitled to the residue of the estate, we think they may be safely left to their remedy against the executors, and that it will be early enough to investigate this matter when the executors shall set up a claim for the return of the whole, or some part of the personal estate which they have allowed the oratrix to receive under the will.

This defence we think was properly overruled by the chancellor.

The decree of the chancellor is, therefore, affirmed and the case is remanded, so that the decree may be carried into effect.