W. B. BRYANT, Adm'r of MARGARET M. BUFORD, Appellant, *vs.* WILLIAM CHRISTIAN, Adm'r of JAMES BUFORD, *et al.* Respondent.

1. *Wills—Estate for life with power to devise—Does not convey absolute ownership.*—The devise of an estate for life with authority in the devisee to dispose of the same by last will, does not convey absolute ownership. The right of testamentary disposition is a mere power.

2. *Wills—Estate for life—Power to devise—Will construed.*—A testator bequeathed all his property to his widow, during her natural life, to manage, dispose of and enjoy free from all incumbrance, without giving security as executrix or making annual settlements during her widowhood, and with power to dispose of one-half the estate by last will. In the event of her second marriage, the estate was to be regularly administered upon, so that the widow should be secure in the "income and emoluments of the estate during her life." *Held,* that the manifest intention of the testator was to devise a life estate only, with the usufruct and a testamentary power as to one-half.

3. *Dower—Personal Estate—Election—Death of widow.*—The 5th section of the Dower Act, (Wagn. Stat. 539) does not give to a widow any interest in the personal estate, unless she files her election in conformity with the 8th and 10th sections of the same act. And her death intervening can make no difference in the result.

4. *Dower—Election—Personal estate—Administration.*—The administrator of a widow whose husband had died without leaving a child or other descendant capable of inheriting, and who had filed no election under the 8th and 10th sections of the Dower Act, is not entitled to any distributive share in the personal estate of the husband.

*Appeal from Ralls Circuit Court.*

*Fagg & Dyer,* for Appellant.

I. Under the 5th section of the "Dower Act," (Wagn. Stat. p. 539) the widow was entitled absolutely to one-half of the personal estate of her deceased husband, subject only to the payment of his debts, and to vest the title of this property in her it was not necessary that she should file an election. This appears by comparison with other sections. The 8th section of the same act provides, that the widow shall have her election to take her dower, (as provided in the 1st section which has reference alone to real estate) discharged of debts, or, the provisions of the 5th section, subject to debts.

II. The 4th section gives to the widow a child's part in the personal estate of her husband, and to do this requires no

election to be made by her. If there be but one child then she is entitled to half of the estate. Does the 5th section require anything more to be done, where there are no children, than the 4th section where there are children?

III. The statute has no reference to personal property (§ 8), for the wife can have no interest in it until the debts are paid. (Wagn. Stat., §§ 38, 39, p. 88.)

IV. The term "dower" properly refers to the interest of the widow in the real estate of her husband. (Bryant vs. Mc-Cune, 49 Mo., 546; Pemberton vs. Pemberton, 29 Mo., 408; Hornsey vs. Casey, 23 Mo., 371; Welch vs. Anderson, 28 Mo., 293; McLaughlin vs. McLaughlin, 16 Mo., 242.)

V. Under the provisions of the will of James Buford, his widow, (and after her death her legal representatives,) is entitled to one-half of the personal estate of which the said James died possessed. The words of the will vested in her an absolute estate, and the words "and bequeath by last will and testament" are not, and were not, intended by the testator as a limitation on her right to the property. (Hazel vs. Hagan, 47 Mo., 280; Green vs. Sutton, 50 Mo., 186; Ruby vs. Barrett, 12 Mo., 7; Jackson vs. Robbins, 16 Johns., 288.)

VI. If the first taker of an estate not expressly declared to be for life, have the right of disposal, he takes a fee and any limitation over is void. (Jackson vs. Brewster, 16 Johns., 19; Ramsdell vs. Ramsdell, 21 Me., 288.)

*Henderson & Shields*, for Respondent.

I. Plaintiff's declaration that if James Buford died without children or descendants in being, capable of inheriting, subject to the payment of his debts, his widow was entitled to one-half of his personal estate, absolutely, and that the title thereto vested in her without any election by her under the statute, was manifestly incorrect and the court properly rejected the instruction. (Wagn. Stat. [1872], §§ 5, 7, 8, p. 539, and § 10, p. 540; United States vs. Grundy, 3 Cranch., 337; Welch vs. Anderson, 28 Mo., 293-98.)

II. In order to take under the 5th section of the "Dower Act," the widow must file her election as required by the 8th and 10th sections of said act; and unless such election be made she is endowed under the 1st section. (Hamilton vs. O'Neal, 9 Mo., 10; Welch vs. Anderson, 28 Mo., 293; Watson vs. Watson, 28 Mo., 300, 302; Matney vs. Graham, 50 Mo., 559–64.)

III. The right of election is purely personal to the widow and does not descend to her representatives, and she having died without making the election, her representatives cannot avail themselves of the privilege in her stead. (Welch vs. Anderson, 28 Mo., 293.)

IV. The widow's right to elect being purely statutory must be substantially complied with by her, or no right will accrue to her thereunder. Such statutes being strictly construed. (Price vs. Woodford, 43 Mo., 247; Ewing vs. Ewing, 44. Mo., 25.)

V. The will shows that the intention of the testator was to simply give her a power of disposition of one-half of the property "by last will and testament" and in no other way, and "at her decease," and at no other time. This was a mere naked power of disposal, which being unexecuted by the widow, does not vest any right in her representatives, and the property reverts to the heirs at law.

This devise is not ambiguous and it means that the widow should take all the estate for life, with power of disposal of one-half by will at her decease, nothing more—nothing less.

Lewis, Judge, delivered the opinion of the court.

The facts in this case appear in an agreed statement to the following effect: James Buford died on the 14th March, 1870, leaving a widow, Margaret M. Buford, but no children or other descendants. On the 25th of same month, the widow also died. After her death, on April 11th, following, the last will and testament of James Buford was admitted to probate. In July of the same year, letters of administration on the estate of Margaret M. Buford were granted to the plaintiff.

The will of James Buford contained the following provisions. "Item 1st. I will and direct that all my just debts be paid off and discharged. Item 2d. In the event that my beloved wife Margaret M. Buford should be the longest lived, I give and bequeath to her during her natural life all my estate, real and personal, to manage, dispose of and enjoy free from all incumbrance, hereby relieving her from the necessity of giving security to the court, or making annual settlements, or being otherwise subject to costs and charges in managing the same during her widowhood. I also give her full power and authority to dispose of, give and bequeath by last will and testament, the one-half of the estate at her decease, of any kind and description, (except the amount herein named to be given to my former slaves) and, in the event of my wife's surviving me, that she may not, by any casualty or misfortune, be reduced to want, I direct and request that, in the event of her second marriage, my estate shall then be regularly administered upon—the executor appointed being required to give bond and security, that my said wife shall be secure in the income and emoluments of the estate during her life, and that it may be disposed of finally according to this will."

At the expiration of two years after the probate of the will, it appeared that the debts of James Buford's estate were all paid, and there remained in the hands of his administrator about $9,000 for distribution.

It was admitted that the widow "never filed her election as provided in the 10th section of the Dower Act;" that she "was well acquainted with the contents of the will, and represented herself as being satisfied with its provisions."

Upon this state of facts, the plaintiff applied to the Probate Court for an order of distribution which should appropriate to him, as the representative of Margaret M. Buford, deceased, one-half of the assets of James Buford's estate remaining for distribution. The court refused his application, and, deciding that plaintiff was not entitled to any share in the estate, made an order distributing the balance of assets among the

heirs. Plaintiff appealed to the Circuit Court where, after full hearing, the ruling of the Probate Court was affirmed.

The plaintiff asks for a reversal, on two grounds: 1st. That, by the terms of the will, Mrs. Buford acquired an absolute ownership in one-half the estate of her husband, subject only to the exception provided for. (This exception has no practical relevancy to the matter in issue, and need not be elucidated.) 2d. That, even if the will gave her only a life estate, with a power of testamentary disposal as to one-half of the whole, yet, by the 5th section of the Dower Act, (Wagn. Stat., 539) the law invested her absolutely with one-half, and no act of election on her part was necessary to give effect to that investiture.

We do not find these propositions sustained by the statute, or the authorities cited.

1st. In Rubey vs. Barnett, (12 Mo., 7) it is held that the devise of " an express estate for life negatives the intention to give the absolute property, and converts the words giving a right of disposition into words of mere power." This rule of construction has always been adhered to by this court. We are referred to several cases which are supposed to illustrate the contrary doctrine. In Hazel vs. Hagan, (47 Mo., 277) it was held that the devise of an estate, with the power of disposal would pass the fee. But the learned judge in delivering the opinion, was careful to insert the qualification, "there being no express estate for life limited to the devisee." In Green vs. Sutton, (50 Mo., 186) it was decided that "a conveyance, coupled with a distinct and naked power of disposition always carries the fee, unless such conveyance be made by express words to vest an estate for life only." These cases, then, sustain, rather than defeat, the first proposition.

We think the intention of the testator is manifest in the will before us, to bequeath to his widow only a life interest, with the usufruct, in his whole estate. It follows that the words authorizing her testamentary disposal of one-half imply a mere power. As to the other half, which she cannot so dispose of, the assertion of a bare life estate in it, proves itself.

And, as both halves come to her in the same general grant, the interest conveyed is the same for either.   He bestows the property "during her natural life * * * * to manage, dispose of and enjoy free from all incumbrance, etc."   He then exonerates her from obligation as to security, annual settlements, etc., during her widowhood.   Then with a rare tenderness for the possible wife of a future husband, he provides, in the event of her second marriage, not for any less or different estate, but for the better securing of that which he has already bequeathed.   Here his intention appears in unmistakable form, that she is to have the "income and emoluments of the estate during her life, and that it may be disposed of finally, according to this will."   It seems impossible to find in such expressions an intention to devise absolute ownership in any thing more than the widow might consume for her own support or enjoyment during life.

2d. The plain language of the statute disposes of the second proposition.   The 5th section referred to reads thus: "When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled * * * to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely."

An inquiry might here interpose, as to the effect of the bequest itself, whether of an absolute or qualified estate, upon this statutory grant.   A well known equitable rule would put the widow to her election between the will and the statute, because of a manifest unfairness in her claiming under both.   The 15th and 16th sections of the Dower Act, provide for such an election where real estate is concerned, but they have no application to personal property.   Under these provisions, the statutory presumption is in favor of the will, where no election has been made—thus agreeing with the presumptions in other States as to either real or personal property, where similar statutes cover both descriptions. The equitable rule, however, apart from the statute, presumes in favor of neither; and a case may be supposed in which very embarrassing questions might arise in the disposition of

personalty, in consequence of the legislative omission to furnish a rule of preponderance. In the precise case now before us, we escape this difficulty, through the 8th, 9th 'and 10th sections of the act. It will be seen that Mrs. Buford never had any claim to personal property under the statute, and so there was no rivalry to be determined between the latter and the will.

The 8th section is as follows : "§ 8. When the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election to take her dower, as provided in the first section, discharged of debts, or the provisions of the 5th section, subject to debts."

The 9th section provides for a notice to be served on the widow, apprising her of her right.

"§ 10. Such election shall be made by declaration in writing, acknowledged before some officer authorized to take the acknowledgment of deeds, and filed in the office of the clerk of the court in which letters testamentary or of administration shall have been granted, within twelve months after grant of the same : otherwise she shall be endowed under the provisions of the first, second and third sections of this chapter."

The first, second and third sections referred to, endow the widow in real estate only.

It thus appears that, unless the widow has filed her election in the form required, the 5th section was not enacted for her benefit. It is admitted that she never did so. She and her personal representative, are therefore expressly excluded from its provisions. The fact of her death intervening cannot break the force of a positive enactment which ignores every such contingency.

The judgment must be affirmed; the other judges concur.