IN RE CASPER H. KLOSTERMANN; F. W. LANGEWISCH, Appellant.

December 10, 1878.

1. It will not be inferred that the husband intended to bar his widow of her absolute statutory allowance of $400 from the fact that he made a general disposition of his property by will, wherein he bequeathed to her $400. An intent to bar the widow of this legal right by legacy must clearly appear, at least by manifest implication from provisions in the will inconsistent with the legal right.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

Lighthizer, for appellant, cited: *Brant's Will*, 40 Mo. 266; *Cummings* v. *Cummings*, 51 Mo. 261; *Bryant* v. *McCune*, 49 Mo. 546.

C. Koerner, for respondent, cited: *Hastings* v. *Myers*, 21 Mo. 519; *Cummings* v. *Cummings*, 51 Mo. 261; *Pemberton* v. *Pemberton*, 29 Mo. 408, 413; *Herbert* v. *Wren*, 7 Cranch, 378; *Jackson* v. *Churchill*, 7 Cow. 287; *Creacraft* v. *Wions*, Add. 350, 351; *Parker* v. *Sowerby*, 27 Eng. Law & Eq. 154; *Smith* v. *Guild*, 34 Me. 443, 447; *Weeks* v. *Patten*, 18 Me. 42; *Waters* v. *Howard*, 1 Md. Ch. 112; *Fallon* v. *Moore*, 25 Penn. 468; *George* v. *Bussing*, 15 B. Mon. 558.

Bakewell, J., delivered the opinion of the court.

Henry C. Klostermann died leaving the following will: "After all my lawful debts are paid, the residue of my estate I give, bequeath, and dispose of as follows: To my beloved wife Hetty $400; to my son Casper, $50; to my daughter Elizabeth Sien, $300; to my daughter-in-law Maria Klostermann, $50; to my step-daughter Louise Seibert, $10; to my three grandchildren, $300." Mrs. Klostermann, the widow, died, and her administrator received from the estate $400, which the law gives absolutely to the widow in addition to dower and in addition to other personalty specified in the statute. Wag. Stats. 88, sects. 33–35. On final settlement, there was a balance in the hands of the administrator of $617.65, which the Probate Court ordered to be distributed amongst the other legatees to the exclusion of the legal representative of the widow. From this order of distribution the administrator of the widow appealed. The judgment of the Probate Court was affirmed in the Circuit Court, and the administrator of the widow appeals to this court.

The question to be determined is whether the bequest

to the widow was in lieu of the allowance of $400 which the statute gives to the widow. The allowance made by the three sections of the statute above referred to is absolute, without regard to the claims of creditors; it is frequently called the widow's "absolute dower," and partakes of the nature of dower in that it is free from all claims of creditors and cannot be disposed of by the husband's will. A devise of real estate by the husband, though deemed under our statute to be in lieu of dower, does not affect this provision, which is an absolute allowance for the immediate support of the widow. *Bryant* v. *McCune*, 49 Mo. 545. In case the widow dies without receiving $400, it goes to her executor, against the creditors of the husband. *Cummings* v. *Cummings*, 51 Mo. 262; 21 Mo. 519.

The question whether the bequest of personalty to the wife is in bar of her absolute dower in the personalty, is to be determined, as is said by Judge Scott in *Pemberton* v. *Pemberton*, 29 Mo. 412, by the rule of the common law. If it is clear from the will, fairly construed, that the husband intended the bequest to be in lieu of absolute dower, she cannot take the bequest and the statutory provision both. The will nowhere declares or implies that the widow is not to have this $400 and the bequest both. On the contrary, as the law absolutely gave to the widow $400 of personalty, if the husband had desired that she should have no more, it is reasonable to suppose that he would have left her nothing by will. It was absolutely useless to say in his will that he bequeathed $400 to his wife, if he meant by that that she should have only $400 of the personalty to be administered after his death. This she would have anyhow; and if he had that amount of personalty, he could make no testamentary disposition which would deprive her of it if it remained to be distributed after his death.

A bequest, to be in satisfaction of dower, must be manifestly made with that intention. From the fact that the testator makes a general disposition of all his property

and gives a legacy to his wife, it will not be inferred that he intends to bar her dower. The provision given by the statute, like dower, is a clear legal right, " and an intent to exclude that right by a voluntary gift must be demonstrated by express words or by clear and manifest implication. In order to exclude it, the instrument itself ought to contain some provision inconsistent with such legal right." Such is the language of Judge Story, adopted by Judge Scott in the case last cited.

If it was the intention of the testator that his wife should have only $400 of his personalty, then his meaning was that he gave her nothing by will, but left her to take what the law gave her without his will. Now he has said just the reverse of this ; and his intention must be collected from the words he has used, and not from conjecture.

We are of opinion that the wife was entitled to her proportionate share, under the will, of the amount found to be due the estate on final settlement. The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.