HENRY J. SCHOENEICH, Respondent, v. NATHANIEL REED ET AL., Appellants.

February 17, 1880.

1. An administrator pays at his own risk demands of one class in advance of their proper order, and without an order of court.

2. The mere bequest of personalty to the wife in the will does not exclude her statutory allowance.

3. Where the executrix, the widow, applies certain personalty bequeathed to her by the deceased to the payment of debts due by the estate, that the

executors are credited by such payments in their accounts with the estate does not make them chargeable with the property thus applied, which did not belong to the estate and was not inventoried.

4. Where the executors, in good faith and acting under legal advice, prematurely pay some demands, leaving no funds with which to pay certain taxes, they may be allowed credit for penalties and costs accumulated because of the delay in paying, occasioned by the want of funds.

5. The executors may be allowed amounts paid from time to time, by direction of the court, for the support of the widow and children, though such orders were not entered of record.

6. Where an executor has acted fairly and in good faith, he should not be deprived of his legal commissions.

7. The executors are entitled to an equal division of the commissions, without regard to who attended to the business.

8. A deposition filed, but mislaid and consequently not produced at the trial, cannot be considered by the trial judge having the cause under advisement.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

H. C. LACKLAND and BEN. EMMONS, for the appellants: The sums paid out by the executors for the benefit of the estate should have been allowed. — *Harrison* v. *Mack*, 16 Ala. 616 ; *Miles* v. *Boone*, 4 J. J. Marsh. 457 ; *Constant* v. *Matteson*, 22 Ill. 546 ; *Williams* v. *Smith*, 10 R. I. 280 ; *Elleg* v. *Nagler*, 9 Cal. 643. Commissions of trustees. — *Meacham* v. *Sternes*, 9 Paige, 398.

CHARLES DAUDT, B. B. KINGSBURY, and HENRY J. SCHOENEICH, for the respondent: The executors were properly charged with rents on the lands devised. — *Gamble* v. *Gibson*, 59 Mo. 585 ; *Dix* v. *Morris*, 66 Mo. 514. After having elected to take under the will, the widow cannot claim in addition thereto her statutory allowance. — *Pemberton* v. *Pemberton*, 29 Mo. 408 ; *Brant* v. *Brant*, 40 Mo. 266. The executors, having neglected to pay the taxes, should bear the costs and penalties. — *Williams* v. *Petticrew*, 62 Mo. 470. The executors are not entitled to commissions on the whole amount, including the sum for which they are defaulters to the estate. — *Hawkins* v. *Cunningham*, 67 Mo. 415.

HAYDEN, J., delivered the opinion of the court.

This is an appeal on a settlement of a trustees' and executors' account. James M. Martien died in the year 1872, leaving an estate consisting of between two and three thousand acres of land, in Callaway and Audrain Counties, and personal property, the estate being considered then to be largely more than sufficient to pay his debts. In June, 1872, the will was admitted to probate, and letters testamentary were granted by the St. Charles Probate Court to Nathaniel Reed and the widow of the testator, the executors named in the will. After specific devises to wife and children, the rest of the estate was given to the persons named as executors, in trust, to raise money to pay debts, to educate younger children, and to improve lands left to them. The executors took charge, and acted under the will until early in 1877, when their letters were revoked by the St. Charles Probate Court, and an order made that the public administrator, the respondent here, take charge of the estate, which he did. On the revocation of their letters, the trustees and executors made settlement and report of their proceedings, and the public administrator filed objections. From the judgment against the executors they appealed to the Circuit Court, where there was a trial anew, and a judgment rendered against them, from which they now appeal. By agreement, exceptions taken by the administrator *de bonis non* to certain rulings of the court below are here to be considered as if the administrator had filed a separate record of his appeal.

It is first complained, as error, that the court below refused to allow certain credits claimed by the appellants for money paid by them in order to protect the property of the estate from sacrifice under execution and deeds of trust, and to prevent the filing of mechanics' liens. The testator, after the execution of his will, gave, with wife, two deeds of trust on the house and lot in St. Charles, which had been conveyed to the wife and devised to her in lieu of dower,

and which she accepted.   These deeds of trust represented the testator's debts, and were due at his death.   The holders pressed for payment and threatened to foreclose, and to prevent this and make the property available as dower, Reed, the acting executor, made payments of interest and of cost or charges to the holders.   The holders of these deeds subsequently proved up their demands, and these were placed in the fifth class.   It is claimed by the respondent that the appellants had no right to pay these instalments of interest and these charges without an order of court, and prematurely ; that the estate has proved insolvent ; and that the position of the appellants involves the payment of some fifth-class claims in full, while others are paid only in part.   It is claimed, on the other hand, that the rule as laid down in *Dullard* v. *Hardy*, 47 Mo. 403, that the administrator pays at his own risk when he pays fifth-class demands in advance of a proper order, or before knowing how the estate will turn out, has no application.   The facts are, indeed, somewhat peculiar.   It would seem that the appellants, or rather Reed, who was the managing trustee and executor, paid amounts upon the deeds of trust, in order to prevent the property from going to sale, and the house and lot accepted by the widow as dower from being sacrificed ; and it is now claimed that these payments were for the benefit of the creditors, as thus the other real estate was relieved from the claim of the widow for dower. But the will recites that the house and lot in St. Charles had been conveyed to and accepted by the wife in lieu and full discharge of dower.   Thus, this property was hers, and was taken by her, so far as appears, subject to the deeds which were upon it when the testator died.   It does not appear that she made any claim upon other lands of the testator on account of her dower.   It may, indeed, have been her expectation, as it was no doubt the intention of the testator, that the encumbrances on the house and lot in St. Charles, as well as the claims upon land specifically devised to.

the children, should be paid out of the fund devised to the executors for the payment of debts. But in this fund all the creditors of the same class had an equal right. Liens upon the widow's property were not to be paid in full out of this fund, or out of the general property of the estate, because the executors were made trustees. Their trust powers could not abridge the rights of the general creditors ; and their rights are abridged if creditors having liens on the widow's property, or on lands devised to. the children, are paid in full without regard to the solvency of the estate. Such lien claims, as to the estate, were fifth-class claims, and, if paid prematurely. were paid at the executor's risk. They had no right to assume, especially in the doubtful and involved condition of the estate, that they could safely pay interest and charges upon the indebtedness secured by deeds of trust upon the widow's property, or taxes and insurance upon the property, or amounts to prevent the filing of lien claims upon the children's realty, on the basis that such debts had a preference and were to be paid in full. What-. ever preference existed was as against that property and the devisees of it, not as against the general fund devised to the executors for equal distribution among all the creditors of the same class, and the court below properly refused to allow these credits to the appellants.

The above disposes of the first and second grounds of error alleged by the appellants. As the third ground of error, it is alleged that the court below refused to allow more than forty per cent on certain vouchers for amounts paid by the appellants on the indebtedness secured by the deeds of trust and other claims already spoken of. The appellants offered to show that Busch and others, as holders of the fifth-class claims, were entitled to more than forty per cent, and that the executors should be credited correspondingly. As the judgment of the court below is, for errors hereinafter considered. reversed and the case remanded, that a new account may be stated, it is not here necessary

further to consider the appellant's third exception than to say that on the restatement of the account the trial court can ascertain from the evidence then before it what percentage ought to be allowed in the then condition of the estate.

The appellants complain that the court below charged them with $155, rents of the lands devised by the testator to his daughters, and $315, rent of the land devised to his son Joseph. The testimony tending to show that the appellants should be charged with these rents is very unsatisfactory. The testimony of the executrix that the appellants ought to be charged with rents amounts to nothing, except so far as she states facts. Her opinions and conclusions are of no importance, nor should they be suffered to prejudice the rights of her co-executor and his surety. But upon the question of fact we forbear to pass, since the proper evidence upon it is not before this court. The deposition of Mansfield was improperly considered. It appears that upon the trial this deposition was not produced. It was afterwards found, and considered by the court below as evidence, when the case had been submitted. Thus the appellants had no opportunity to object to the testimony, to meet it, if they deemed necessary, by other evidence, or to argue their case upon the basis that the deposition had been admitted. There should be a rehearing as to the question of rents.

The testator bequeathed to his wife certain personal property, as cattle, horses, etc., and this she sold and with the proceeds paid certain debts of the estate. This property was not charged in the inventory or appraised, but for the debts paid with it credit was given to the executors in their settlement. The court below debited the executors with $500, the proceeds of this property. We think the exception of the executor to this action is well taken. The question is not whether the estate got the benefit of the property,

but what are the rights of the executor. These rights are regulated by law, not by the caprice of the executrix. The cattle, horses, etc., were the widow's property, and it does not appear but what she had a perfect legal right to them. If so, there is no warrant for charging their proceeds to the executors because Mrs. Martien saw fit to use those proceeds to pay claims for improvements on lands devised to the children of the testator, etc. Here, as in the matter of the rents, the executors, as such, may consistently receive credits for actual payments ; but they are not liable to be charged with property they never received as property of the estate, and which did not belong to the estate, because the owner of that property chose to sell it and with the proceeds to pay debts of the estate. As against the sureties, such a charge would be without warrant in law ; and this is not a proceeding to adjust the accounts of the executors as between themselves.

The objections made by the administrator *de bonis non* remain to be considered. We think the court below committed no error in allowing as credits the vouchers for amounts paid from time to time, by the consent of the Probate Court, for the benefit of the widow and children. That a regular order was entered for these does not appear, and in the absence of such entry it was competent to prove that the executors had authority in fact. Though the will gave personal property to the widow, these provisions did not exclude the statutory allowance. The testator is presumed to have known the law, and there is nothing in the will to indicate an exclusion of any statutory rights on her part in the personalty. *In re Klostermann*, 6 Mo. App. 314.

The court below was right in allowing to the executors credits for money paid on account of taxes, penalties, and costs on the lands of the estate. There was no cash to pay the taxes with when due, and costs accumulated. . It is true

that the executors paid out money upon claims when they should not have done so, but this they did in good faith and under legal advice.

In regard to the matter of commissions, it is immaterial which of the executors actually attended to the business. Independently of this, each is, under the statute, entitled to one-half of the legal commission. *In re Seitz,* 6 Mo. App. 250. The refusal of the executrix to charge any commissions cannot prejudice the rights of her co-executor. She seems throughout to have put herself in a position of antagonism to him, but this fact ought rather to secure a more careful attention to his legal rights. The evidence tends to show that he acted fairly and with good intentions, and there is no reason why he should be deprived of his commissions. As the account must be restated on the basis here furnished, it is useless to go into details as to the commissions. The exceptions of the administrator *de bonis non* upon this, as upon the other points, are not well taken. The exceptions of the executors are sustained as to the points above ruled in their favor, and overruled as to all other points.

The judgment of the court below is reversed and the cause remanded, to be proceeded with according to this opinion. Judge BAKEWELL concurs; Judge LEWIS is absent.