# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### OCTOBER TERM, 1892.

THERESA SCHWATKEN, Respondent, v. C. DAUDT, Administrator with the Will Annexed of JOHN A. SCHWATKEN, Deceased, Appellant.

St. Louis Court of Appeals, January 31, 1893.

**Wills:** PROVISION IN LIEU OF DOWER IN PERSONALTY. The acceptance by a widow of the provisions of her husband's will in her favor will defeat her right to dower in personalty, when such provisions are inconsistent with her enjoyment of that right. And *held* that there was such inconsistency, where the will gave the testator's entire estate to his widow during widowhood, with the right to use the principal for her support while a widow, and furthermore provided that she should be limited to her statutory rights, if she remarried.

*Appeal from the St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED *(with directions).*

*C. Daudt,* for appellant.

*Louis H. Breker,* for respondent.

VOL. 53—1          (1)

BIGGS, J.—The plaintiff as the widow of John A. Schwatken, deceased, applied to the probate court of St. Charles county for an order on the defendant as administrator of the estate of her deceased husband to pay to her the sum of $400 as part of her dower in the personal property of the estate, as provided by sections 107, 108, 109 of the Revised Statutes of 1889. Schwatken left a will, and the administrator resisted the application on the ground that the provisions made for the plaintiff in the will must be construed to be in lieu of her statutory right of dower in the personalty so long as she remained a widow, and, having adopted the will and having remained single, she was not entitled to the order. Both the probate court and the circuit court ruled to the contrary, and the administrator has brought the question here for review.

That portion of the will, which is pertinent to the inquiry, reads: "*Second.* I am the owner of considerable property, real and personal, and being desirous of making provisions for my beloved wife, Theresa, in her old days, I do, therefore, give and bequeath unto my beloved wife, Theresa, all my said property, real and personal, of whatever nature and description, to have and to hold the same for and during her natural life, and after her death the same to go in equal parts to my two daughters, Caroline, wife of Edward Knoblauch, and Lizzie, wife of Valentine Magenheimer. *Third.* In the event my said wife should marry again, it is my will that she take and hold only such part of my estate as she is entitled to under the statutes of the state of Missouri, and that the remainder of my estate revert unto my two daughters above named in equal parts. But, if my beloved wife remains single, as I believe she will, then I give her full power to sell and dispose of my estate, real and personal, by good and sufficient deeds, *provided,* however, that she

be in need of funds for her support and maintenance, and only in such case shall she have power to sell and convey my estate."

The determination of the question must turn upon the intention of the testator as gathered from the will. This must be so in every such case. The rule is well established in this state, as in other jurisdictions where dower in personalty exists, that a bequest will not be construed to be in lieu of the dower interest of the widow in the personal estate of her husband, unless such an intention is manifest from the reading of the will. The courts will not deal in any presumptions or surmises against the widow. *Hasenritter v. Hasenritter*, 77 Mo. 162. It was said by Judge MARSHALL in the case of *Herbert v. Wren*, 7 Cranch, 378: "It is a maxim in a court of equity not to permit the same person to hold under and against a will. If, therefore, it be manifest, from the face of the will, that the testator did not intend the provision it contains for his widow to be in addition to dower, but to be in lieu of it; if his intention discovered in other parts of the will must be defeated by the allotment of dower to the widow, she must renounce either her dower, or the benefit she claims under the will. But if the two provisions may stand well together, if it may fairly be presumed that the testator intended the devise or bequest to his wife as additional to her dower, then she may hold both." This is a very clear exposition of the rule, and it has received the sanction of the supreme court in the case of *Pemberton v. Pemberton*, 29 Mo. 408. In the application of this rule of construction it was said by the court of appeals of the state of New York, in the case of *Sheldon v. Bliss* (8 N. Y. 31), that "it is an established principle, that a provision in the will of the husband in favor of the wife will never be construed by implication to be in lieu of dower, *or any other interest in his estate given by law;*

the design to substitute one for the other must be unequivocally expressed." This rule has also received the approval of our supreme court. *Hasenritter v. Hasenritter, supra.*

Applying these rules of construction to the will before us, it seems evident that the judgment of the circuit court cannot be sustained. Under the will the entire property passed to the plaintiff to be used and enjoyed by her for her sustenance so long as she remained a widow, and, if necessary to her support, the entire property could be sold by her. But, in the event of a remarriage, the plaintiff was to be endowed under the laws of the state. These provisions are clearly repugnant to the idea of a *present* right of dower. If the second clause left the question in doubt, the third puts it beyond all controversy.

The judgment of the circuit court will be reversed, and the cause remanded with directions to the circuit court to dismiss the proceeding. All the judges concur.