| 88 | 423 |
|-----|-----|
| 102 | 5411 |

## MARY GLENN, Appellant, v. WILLIAM A. GUNN, Executor, Respondent.

### St. Louis Court of Appeals, April 9, 1901.

1. **Administration: ABSOLUTE PROPERTY OF WIDOW: WILL: STATUTORY CONSTRUCTION.** Under the provisions of sections 107 and 108, Revised Statutes 1899, the widow is entitled, on her application for an order on the executor of her husband's estate, to have turned over to her the sum of four hundred dollars or personal property in lieu thereof to the value of four hundred dollars, although the will of her husband contained the following clause: "I want all of my just debts paid, *and it is my express will and wish and decree that my said wife and my said two daughters shall share alike in all my real and personal property after the paying of all my just debts.*"

2. ———: ———: ELECTION. And this is true whether or not the widow had previously made a formal election to renounce or accept the will.

3. ———: ———: ———: DOWER IN PERSONALTY. And this bounty to the widow is in reality an altogether different thing from dower in personal property, which is likewise of statutory origin, and is designed to be *pro tanto*, an improved substitute for the latter.

4. ———: ———: ———. And they resemble, in both vesting absolutely in the widow at the death of her husband, and in being exempt from the effect of his testamentary dispositions.

5. ———: ———: ———: ADMINISTRATION: DEBTS, EXEMP-
TION FROM. And they differ, in that she may select articles she
desires under the administration statutes, and in their exemption
from liability for the debts of the deceased (section 108, Revised
Statutes 1899) whereas, the right to a share in the personalty given
by section 2937, Revised Statutes 1899, is subject to his debts.

Appeal from Pike Circuit Court.—*Hon. David Henry Eby,*
Judge.

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

The appellant is the widow, and respondent the executor
of W. H. Glenn, who died in June, 1900. A controversy
between them arose on her application for an order on him
under sections 107 and 108, Revised Statutes 1899, to turn
over to her enumerated articles of personal property appraised
at four hundred dollars. He resisted on the ground that the
will of the deceased contains a provision for her and her
children inconsistent with the relief she asks. That part of
the will is as follows: "All of my personal property of
whatsoever kind, I give and bequeath to my wife, Mollie A.,
and my two daughters, Jennie J. and Mary Nonie. Also all
of my real estate, wherever situated, in this or any other State,
and out of the proceeds of my personal and real property I
want all of my just debts all paid, and it is my express will
and wish and desire that my said wife and my said two daugh-
ters shall share alike in all my real and personal property,
after the paying of all my just debts, and I will to my son,
Edward A. Glenn, for his own use and benefit the sum of one
dollar to be paid out of the proceeds of the sale of my personal
property or collections made from same."

Her application was filed a few weeks after the testator's

death. Whether or not she had previously made a formal election to renounce or accept the will, is not shown, neither is the value of the estate. The property selected by her was out of a livery-stable stock, and it would depreciate the remainder of the stock to turn over to her the articles she demands.

*John W. Matson* for appellant.

(1) The probate court had jurisdiction over this matter. "Although the property set apart for the widow by the statute (sections 105 and 107, Revised Statutes 1899) vests absolutely in the widow on the death of her husband, yet this property should regularly pass through the probate court and the hands of the administrator." Griswold v. Geo. T. Mattix et al., 21 Mo. App. 282; Heller v. Leisse, 13 Mo. App. 180. (2) The will of Wm. H. Glenn does not dispose of his widow's statutory allowance, and the order should have been in favor of the widow—appellant. Hasenritter v. Hasenritter's Ex'r, 77 Mo. 162. In this latter case the court says: "A provision in the will of the husband in favor of the wife will never be construed by implication to be in lieu of dower or any other interest in his estate given by law; the design to substitute one for the other must be unequivocally expressed." In re Klostermann, 6 Mo. App. 314; Bryant v. McCune, 49 Mo. 546; Mowser v. Mowser, 87 Mo. 437. (3) There is no question of election in this case, and even if there was, sections 2948 and 2949 do not apply to personal property, and no election by the widow is necessary when personal property is involved. R. S. 1899, sec. 2937; Bryant v. McCune, 49 Mo. 546; Cummings v. Cummings, 51 Mo. 261; Burgen v. Bowler, 99 Mo. 543-548.

*Ball & Sparrow* for respondent.

If it is manifest, from a fair construction of the will, that the testator intended that the provisions contained therein should be in lieu of dower or any other interest of the widow in his estate, she must make her election; she can not take under the provisions of the will and also under the statute. Pemberton v. Pemberton, 29 Mo. 408; Brant's Will, 40 Mo. 266; Schorr v. Etling, 124 Mo. 47.

GOODE, J.—This case has been exceedingly troublesome on account of discrepancies among the authorities, and the widow's statutory allowance under the administration law having been treated as part of her dower in the personal estate. It has been decided by this court that the widow may be deprived of the award by accepting the bequests of a will, whose provisions are inconsistent with it. Schwatken v. Daudt, 53 Mo. App. 1. That is the only authority in this State, we believe, in which she was refused the benefit of the statute, although there are others which inferentially point to the same result under similar circumstances, but in which the allowance was adjudged in her favor because the language of the will fell short of authorizing the conclusion that the testator intended the legacies to supersede it. Bryant v. McCune, 49 Mo. 546; Hasenritter v. Hasenritter, 77 Mo. 162; In re Klostermann, 6 Mo. App. 314; Shoeneich v. Reed, 8 Mo. App. 356; Mowser v. Mowser, 87 Mo. 437.

The property she selects, to the value of four hundred dollars, is "to be deducted from her dower in the personal estate, if there be any." R. S. 1899, sec. 108. This is an old statute except as to the amount, which used to be two hundred dollars (R. S. 1845, sec. 32, art. 2). The provision was early spoken of as part of the dower in the personal estate. Hastings v.

Meyers, 21 Mo. 526. The expression has persisted. Cummings v. Cummings, 51 Mo. 261; Griffith v. Canning, 54 Mo 282; Hasenritter v. Hasenritter, supra. It was also ruled that it passed by the deed of the widow purporting to relinquish "all her right, title and interest of dower in the estate." McFarland v. Baze's Adm'r, 24 Mo. 156.

That conception, or misconception, of the nature of the right, has undoubtedly produced the opinion that it will be surrendered or waived, like any other dower interest, by the acceptance of legacies given in a will whose provisions are incompatible with it. This bounty is in reality an altogether different thing from dower in personal property, which is likewise of statutory origin, and it is designed to be, *pro tanto,* an improved substitute for the latter. The two are not identical, merely analogous. Shipman v. Keys, Adm'r, 127 Ind. 353. They resemble, in both vesting absolutely in the widow at the death of her husband, and in being exempt from the effect of his testamentary dispositions. They differ, in that she may select articles she desires under the administration statute, and in their exemption from liability for the debts of the deceased (section 108, Revised Statutes 1899), whereas, the right to a share in the personalty given by section 2937, Revised Statutes 1899, is subject to his debts. Cox v. Dunn's Adm'r, 3 Mo. App. 848; Straat v. O'Neil, 84 Mo. 68-73. It is the right to take under the latter section which is dower. Hoyt v. Davis's Extr., 21 Mo. App. 235; Hayden v. Hayden, 23 Mo. 398; McFarland v. Baze, supra; Pemberton v. Pemberton, 29 Mo. 408; Cummings v. Cummings, supra; Griffith v. Canning, 54 Mo. 282. Neither does she have to file an election to acquire this bounty, as she does in certain contingencies to vest in her the title to the personalty under the dower act. Bryant v. Christian, 58 Mo. 98. To avoid confusion, it should be remarked that the "election" spoken of in connection with this

interest in Hastings v. Meyers, and Cummings v. Cummings, supra, is used as synonymous with "selection" and does not refer to a choice between the provisions of the will and of the statute, or between the different provisions of the latter, but only to the choice of such articles as she prefers to take under the statute, which must be made before the same are distributed or sold.    If it is not, the only loss to her would be the right to choose, because the title having already vested in her to property of the prescribed amount, she takes money in the place of it. R. S. 1899, sec. 109; Hastings v. Meyers; Cummings v. Cummings, supra.    It should also be remarked that instead of treating the allowance as dower, the statute says it is to be deducted from the dower in the personal estate, if there is any.    The purpose is plain to make this provision something better for the widow than dower—a superior right.    The enhancement lies in the privilege of selecting such articles as she prefers.    In Bryant v. McCune, supra, the error of confounding the two rights is noticed and the comment made "that it (the allowance) is no part of her proper dower."    If the preference or exemption, which the administration law makes in favor of the widow, is part of the dower in the personalty, then logically an intention of the testator that his testamentary provisions should exclude the latter, would operate to exclude the allowance, too.  · A more reasonable construction would be, that when she has no dower in the personalty because she lost it by taking under the will, the statutory contingency that the allowance shall be deducted from the dower in the personalty, *if there is any,* fails to arise, because there is none from which to deduct it.    A widow would not then be driven to the hardship of either renouncing legacies, perhaps worth far more than four hundred dollars, or else losing the privilege of selecting such articles as from various motives, sentimental or practical, she might wish to keep.    But by the reasoning of Schwatken

v. Daudt, supra, and other cases, both rights are one in legal contemplation; and a widow whose husband has provided for her by will must in every case, be either allowed her full dower in the personalty in addition to his bequests, in order to give her the statutory allowance, or else she must renounce the legacies and be content with what the law allots to her. We do not think the Legislature intended to so intimately identify these interests, one of which arises from the administration and the other from the dower statutes.

In the present case, nothing is shown as to the value of the personal estate. If the plaintiff takes under the will and that deprives her of what she seeks in this action, her entire legacies might be sacrificed for debts of the deceased. But manifestly the law means that she shall have four hundred dollars worth of property exempt from his debts in every event, and she ought to have it whether he died testate or intestate, to give full effect to the law's policy. In view of this it was held where the husband provided that bequests should be in lieu of her dower and distributive share in the estate, she was still entitled to the statutory allowance before distribution and final settlement. Pulling v. Durfee, 85 Mich. 31-38. Moreover, a widow has a year in which to make her elections as to the will. R. S. 1899, sec. 2943; Bretz v. Matney, 60 Mo. 444; Register v. Hensley, 7 Mo. 189. This section has reference only to lands. There is no provision for an election in respect to personal property, and that a difficulty might thereby sometime arise was foreseen in Bryant v. Christian, supra. The record is silent as to whether Mrs. Glenn has formally accepted or rejected her husband's will; but both parties agree that the issue is whether she shall have four hundred dollars worth of property besides what is bequeathed to her; so we will assume she has accepted it in considering this application.

As has been remarked, all the decisions in this State, ex-

cept Schwatken v. Daudt, were in favor of the widow's right
to the allowance in addition to her legacies, but they turned on
the testamentary language failing to show an intention on the
part of her husband to deprive her of dower. We are unwill-
ing to determine this case on that theory—unwilling in fact to
pass on the question of her right to personal dower, which is
not involved necessarily in the controversy. A devise of real
estate to the wife is always construed at common law to be in
addition to dower, unless an intention, either express or im-
plied, to exclude the latter estate can be gathered from the
terms of the will itself. Schorr v. Etling, 124 Mo. 142. This
has been reversed by our statute, which says a devise of lands
shall be in lieu of dower unless the will otherwise declares.
R. S. 1899, sec. 2948; Kaes v. Gross, 92 Mo. 647. As said
section extends only to lands (Haniphan v. Long, 70 Mo. App.
35), and there is nothing requiring an election as to the person-
alty, the determination of when the will bars dower in the
latter must be according to the rules of the common law. Pem-
berton v. Pemberton; Shipman v. Keys, supra. Cases con-
struing testamentary devises in land with reference to their
effect on the estate of dower at common law, become, therefore,
precedents by which to ascertain the effect of bequests on dower
in personalty, subject to this qualification: dower in the realty
is a life estate and the husband may devise subject to it, while
dower in personalty is absolute. Extreme as the rulings often
were in favor of the widow's dower in realty despite devises,
which policy of the courts probably induced the change of the
rule by statute, there are authorities which render it uncer-
tain, at least, whether the plaintiff would not be barred of dower
in her deceased husband's personal estate by accepting the pro-
visions of his will. Pemberton v. Pemberton, supra; Stewart
v. Stewart, 31 N. J. Eq. 398; Chambers v. Storil, 2 Ves.
& B. 221; Dickson v. Robinson, Jac. 503. The last two cases

are substantially identical in facts with this one. It is sometimes said a widow will not be deprived of dower by taking under a will unless the design of the testator to substitute his devises or bequests, for the legal estate "is unequivocally expressed." Such is the language in Sheldon v. Bliss, 8 N. Y. 31, cited with approval in Hasenritter v. Hasenritter, 77 Mo. 162. But such remarks need qualification when made with regard to pure dower, which all courts, including those of New York, hold may be barred by accepting testamentary provisions clearly and manifestly inconsistent with it. Adsit v. Adsit, 7 John. Ch. 448; Sanford v. Jackson, 10 Page 266; Matter of Frazer, 92 N. Y. 239; 1 Pomeroy Eq. Jur., 539, and citations; 2 Scribner on Dower (2 Ed.), chap. 16. Pemberton v. Pemberton, supra, is an authority to the same effect in this State. There the widow was held barred of dower in the personalty because her husband had bequeathed to her specified articles of property which she accepted, although the will contained no expression that its gifts should be in lieu of dower. Her dower was excluded by construction.

A careful study of decisions in this State and elsewhere, in which the deprivation of the statutory bounty by reason of accepting legacies is discussed, has led us to the conclusion that in most, if not all, instances, the courts insist on something more in the will to bar the widow from claiming the bounty than a provision that the bequests to her shall be in lieu of dower. While they will deny her dower in personalty when the will so stipulates, or, when, constructively, its provisions are inconsistent with the estate, they appear to require, as a condition precedent to denying her the preference given by the administration law, words of the testator, either unequivocally providing that she shall be denied it if she accept the bequests or else showing unmistakably that he had that right in his mind's eye and intended that his provision

for her should supersede it.    On no other theory can harmony
or consistency be tortured out of the decisions.    We have seen
that Pemberton v. Pemberton, excluded her dower right in
the personalty on a mere construction that the will was incom-
patible with it.    When now we turn to Bryant v. McCune,
Hasenritter v. Hasenritter, In re Klostermann, and Schoeneich
v. Reed, supra, we find the courts demanding that the testator's
language shall unequivocally express an intention that she be
deprived of her allowance in order to accomplish that result,
and ruling that testamentary provisions for her benefit as
ample as those in Pemberton v. Pemberton, do not impair her
right to it.    One of them, too, Bryant v. McCune, asserts that
this interest is "no part of her dower proper, although it par-
takes of its nature."    All of this goes to show that, notwith-
standing the loose statements and dicta, that the allowance is
dower, the courts steadily distinguish between them.    The
authorities from other States do the same.    Sheldon v. Bliss,
supra, in which such a strong statement was made about what
is necessary in a will to destroy the widow's dower, was really
not a proceeding to recover the latter estate at all, but was just
such an one as we have here; that is, to recover her allowance.
In some jurisdictions the courts accord to her her rights under
the administration law in the teeth of testamentary provisos that
they shall be barred if she accepts the bequest.    Compher v.
Compher, 25 Pa. St. 31; In re Peeble's Estate, 157 Pa. St.
605; Collier v. Collier, 3 Ohio St. 360.    All well-considered
precedents firmly uphold the widow's right to take both the
legacies and the statutory benefits, unless the testator's words
plainly indicate a contrary wish.    Langley v. Mayhew, 107
Ind. 198; Hurley v. McIver, 119 Ind. 53; Sheipman v. Keys,
supra; Miller v. Stepper, 32 Mich. 194; Moore v. Moore, 48
Mich. 271; Meech v. Weston, 33 Vt. 561; Wilson v. Wilson,
36 Ind. 255; Goodman v. Converse, 38 Neb. 657; The Est.

Glenn v. Gunn.

of Peet, 79 Ia. 185; Cowdrey v. Hitchcock, 130 Ill. 262; Morrison v. Bowman, 29 Cal. 337. Mere expressions in the will that the legacies shall be in lieu of dower are not sufficient to exclude her right to the allowance. In Cowdrey v. Hitchcock, supra, she was held barred of the allowance because the testator provided that her legacies should be "in lieu of dower rights and of all other rights, interest and claims which she might have or claim in or to my estate or any part thereof." The court thought this showed an intention to bar her statutory award as well as her dower. In Vedder v. Saxton, 46 Barb. 148, it was ruled the allowance was not received by her under a testament bequeathing to her the "use and profits of all the husband's estate real and personal;" that it was not a subject of bequest but was taken by her independent of the will under the law. In Cheek v. Wilson, 7 Ind. 354, it is said to be independent of dower. In Hays v. Buffington, 2 Ind. 369, it is said to constitute no part of the surplus of the estate not to be subject to the expenses of administration, but the widow is entitled to a part of the surplus also. Watts v. Watts, 38 Ohio St. 480, decides that a widow electing to take under a will containing devises for her, expressed to be in lieu of dower, is not thereby deprived of her rights under the administration law. To the same effect are Collier v. Collier, 3 Ohio, supra; Bane v. Wick, 14 Ohio St. 505. Williams v. Williams, 5 Gray, 24, was where she accepted a bequest made in lieu of dower. It was ruled the allowance was hers, and that the legacy did not cut off the latter    Sheldon v. Bliss, 8 N. Y., supra, construed an antenuptial agreement which settled an annuity on the wife for life "in lieu of dower or any portion of his (the husband's) property after his decease," and a will which likewise gave her an annuity. Both these were held not to exclude her allowance. See, also, as directly and strongly

in point, Smith v. Smith, 76 Ind. 236.    Miller v. Stepper,
32 Mich. loc. cit. 202, draws the distinction very clearly be-
tween the interest in question and dower and says the former
"is independent of the will and superior to its dispositions."

In view of these rulings, others like them which might
be cited and the very strong expressions of our own courts in
Bryant v. McCune, Hasenritter v. Hasenritter, In re Kloster-
mann, Schoeneich v. Reed, Mowser v. Mowser, supra, and
Dudley v. Davenport, 85 Mo. 462, we are constrained to hold
that the plaintiff is entitled to the relief she seeks.    Schwatken
v. Daudt, supra, may be harmonized with this conclusion, for
the clause of the will there which was held to bar her right, pro-
vided that in the event of the widow's remarriage, she should
take only such part of the testator's estate as she might be en-
titled to under the statutes of the State of Missouri.    This
provision would cover the statutory allowance as well as stat-
utory dower.    Refraining, therefore, from deciding that the
appellant is entitled to dower in her husband's personal estate,
the judgment is reversed and the cause remanded with the
direction that she be granted the relief prayed for in her ap-
plication.    All concur.