47   403
37a   30

---

MICHAEL DULLARD, ADMINISTRATOR *de bonis non* OF PHILIP DULLARD, Appellant, *v.* JAMES A. HARDY, FORMER ADMINISTRATOR OF PHILIP DULLARD, Respondent.

1. *Courts, probate — Claims, allowance of — Judgment, impeachment of.—* Where a Probate Court disallowed a credit claimed by an administrator in his final settlement against an estate, for a payment which had been made by him in advance of any order of that court, and within a year from the grant of his letters, the order of disallowance will, on appeal to the Supreme Court, be sustained, notwithstanding that the Probate Court had allowed and classified the claim paid by him. It is true that an allowance and classification by the Probate Court is in effect a valid judgment, which can not be impeached collaterally. But the disallowance of the credit does not rest upon the theory of any error or wrong in the judgment of the Probate Court.

*Appeal from St. Louis Circuit Court.*

*F. & L. Gottschalk,* for appellant

An allowance made to an administrator in his settlement has the effect of a judgment, but it may be set aside in equity on

cause being shown. (Jones v. Brinker, 20 Mo. 87; Whittelsey v. Dorsett, 23 Mo. 236; Oldham v. Trimble, 15 Mo. 225.)

*Garesche & Mead,* for respondent.

No principle of law is more clearly established than that a judgment can not be impeached collaterally.

CURRIER, Judge, delivered the opinion of the court.

The respondent, Hardy, was the original administrator upon the estate of Phillip Dullard, deceased. Upon being removed he presented his administration account for settlement, which was passed upon and approved, except a credit to himself of $250. This credit was for paying a claim of that amount which had been allowed against the estate and placed in the fifth class, being a claim exhibited within one year after the grant of letters. The credit was disallowed and ordered to be stricken from the account, on the ground that the payment was made in advance of any order of court, and prior to the expiration of one year from the grant of letters and before the court was informed as to whether there would be any assets applicable to debts falling within the fifth class. Hardy appealed, and the Circuit Court, upon a trial anew, reversed the judgment of the court below and directed an allowance of the $250 credit. Whereupon the administrator *de bonis non* appeals and brings the case to this court.

The respondent's counsel correctly assume that the allowance and classification of the $250 claim was a judgment which was not open to a collateral attack. Upon that proposition the action of the Circuit Court is sought to be defended. It seems to be the view of counsel that the payment by Hardy was necessarily proper and warrantable because the payment was of a legal and valid judgment in full force and not set aside.

The conclusion does not follow from the assumed premises. The judgment of allowance and classification is not assailed, although the evidence shows that it ought never to have been rendered. The disallowance of the credit, however, does not rest upon the theory of any error or wrong in the judgment. The credit was

Dullard, Adm'r de bonis non of Dullard, v. Hardy, Adm'r of Dullard.

disallowed by the Probate Court because the payment for which the credit is claimed was premature and unauthorized, and not because the judgment was invalid or wrong. Hardy made the payment in advance of any order of payment and prior to the expiration of the first year's administration, and before it was known whether there would be assets applicable to the fifth-class debts. It was upon that ground that the credit was disallowed. If an administrator pays claims of the fifth or any subsequent class without an order, he acts at his own risk. Claims in these classes are not to be paid until the prior classes are satisfied. There may be nothing to apply to the fifth class, and, if anything, not sufficient to satisfy them in full, in which case they must be paid *pro rata*. If an administrator were permitted to pay allowed claims in his discretion and charge the estate, a portion of the creditors might be paid in full while others of the same class would get nothing. No such practice can be tolerated. In my view the Probate Court was correct in its determination and the Circuit Court wrong in its reversal.

This substantially disposes of the case, but it may be well to refer to another ground upon which the disallowance of the credit is sought to be justified. The allowance of the credit was resisted upon the further ground that the payment was made fraudulently. It was in evidence that the claim allowed and classified as already mentioned was allowed in favor of an insolvent third party, who was indebted to the estate in the sum of $200 upon a separate demand. The set-off was not credited, so that the insolvent got a judgment for $250 when there was a balance of only $50 actually due him.

The evidence shows that Hardy knew of the set-off, knew that there was a balance justly due against the estate of only $50 when he paid the $250. The original claim in favor of the insolvent was allowed December 20, 1867. Hardy's letters were revoked on the 24th day of that month, and the $250 was paid by him on the same day.

If the payment was made corruptly and with a view to hamper, embarrass and defraud the estate in respect to the set-off, I do not think, under the circumstances already adverted to, that

the judgment can be successfully invoked in justification of the fraud.

With the concurrence of the other judges, the judgment and order of the Circuit Court will be reversed and the judgment of the Probate Court affirmed.