MARGARET GARR *et al.*, Respondents, v. JAMES B. HARDING, Appellant.

Kansas City Court of Appeals, May 25, 1891.

Costs: ADMINISTRATION: ADMINISTRATOR LIABLE, WHEN. The rule generally prevails that the costs must be adjudged against the estate, and not against the administrator personally; but, when the administrator occupies the place of actor against the estate, seeking the allowance of a fraudulent demand, and that, too, in his own behalf, as where he asks credit therefor in his final settlement, and the heirs prevail in resisting such credit, the costs should be taxed against the administrator individually, and not against the estate.

*Appeal from the Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*A. W. Mullins,* for appellant.

(1) The personal judgment rendered by the circuit court against the administrator for costs was not directed by this court in the judgment here given (*Garr v. Harding, Adm'r,* 37 Mo. App. 24), and was

not authorized by law. The motion filed by the administrator to retax the costs should have been sustained. *Laughlin v. McDonald*, 1 Mo. 684; *Finney, Adm'r, v. State to use*, 9 Mo. 225; *Ranney, Adm'r, v. Thomas*, 45 Mo. 111; *State to use v. Maulsby*, 53 Mo. 500; *Ross, Adm'r, v. Alleman*, 60 Mo. 269. (2) If this were a suit by creditors of the estate of Joseph McCalment, deceased, charging *devastavit*, or upon the administrator's bond in the name of the state to the use of any party claiming to be injured, an entirely different question would be presented. 1 R. S. 1889, secs. 275–283, p. 171. That statute specifically provides for the taxation and payment of the costs incurred. On the appeal from the decision of the probate court to the circuit court in this proceeding, the latter court tried anew the matters in question raised by the exceptions filed by the objectors, and the proceedings there had are to be certified back to the probate court. That exhausts the jurisdiction and authority of the circuit court in the matter. 1 R. S. 1889, secs. 292, 293, pp. 173–4. But that statute did not authorize the circuit court to render judgment for costs, or other judgment, and order execution to issue against him therefor.

*Huston & Parrish*, for respondents.

The lower court did not err in adjudging costs against defendant personally. This was on an appeal from a final settlement. The administrator was in that contest, not representing the estate but himself, against the estate. His claim and the entire litigation is on behalf of himself and against the estate. The appeal taken by the heirs was sustained. On appeal to the circuit court, he was convicted of conspiracy and attempted fraud on the estate. "The prevailing party shall recover his costs, except where otherwise provided." R. S. 1889, sec. 2920, p. 748. The statute of 1881 requires the administrator to give an appeal bond, conditioned to pay costs, when he appeals from a final

settlement, or when his interest becomes antagonistic to the estate. Sess. Acts, 1881, p. 35; R. S. 1889, sec. 2920, p. 748. (2) The probate court had no business with the costs—the circuit court was not dependent on process of the probate court for the enforcement of its judgment for costs; this was foreign to any settlement of the estate—it had.no sort of relevancy to, or connection therewith. It was not a matter in which ·the estate had any interest; it was justly adjudged against Harding personally. (3) Not one of the cases cited by the learned counsel for appellant is in point. Each and every one of them are cases where the administrator represented the estate—not one is a case where his interests were directly antagonistic to the estate—where the administrator was fighting against the interests of the estate on his own behalf. The ıu e contended for would give a bonus and dangerous encouragement to false and fraudulent claims by administrators against their estates, if they could litigate such claims through the courts at the expense of the estate.

GILL, J.—This case was here once before, and will be found reported in 37 Mo. App. 24, to which we now refer for a full understanding of the litigation between these parties. Harding was the administrator of an estate, and Mrs. Garr and others the heirs. At the final settlement the said heirs objected to the allowance of a credit there claimed by Harding (in amount the sum of $705) on the ground that the sum was so paid by the administrator on a fraudulent claim against the estate, which had been allowed by, and through, the fraudulent practices and collusion between the alleged creditor and said administrator. On appeal to the circuit court the heirs succeeded, and the claim was disallowed, and the cause was then appealed to this court. We practically sustained the action of the circuit court, but owing to an informality in the judgment of that court we remanded the cause with directions to enter up the

proper judgment disallowing the credit of $705, and then certify such judgment to the probate court. This mandate has been obeyed by the circuit court, and in its judgment said court taxed the costs against Harding personally. Subsequently, Harding moved the circuit court to retax the costs, asking that they be taxed against the estate, of which he was administrator, and not against him personally. This motion was overruled, and Harding has appealed.

I. In so taxing the costs against Harding, individually, and thus refusing to charge the same on the estate, whose interest he sought to abuse, as was found by the trial court, we are of the opinion that no error was committed. In this effort to charge a fraudulent claim against the McCalment estate, he ceased to represent the same, and occupied a hostile attitude thereto. The heirs, Garr and others, stood for the interests of the estate, while Harding's position was antagonistic. He failed, and the estate was, therefore, the "prevailing party" and entitled to *collect*, not to *pay*, costs. The cases cited by counsel for Harding have no bearing here. There is no doubt that in cases prosecuted by, or against, the administrator of an estate in the administration thereof the rule generally prevails, that the costs must be adjudged against the estate, and not against the individual estate of the administrator. But this is not litigation of this kind. Here, the administrator occupied the place of actor *against* the estate, seeking, as held, the allowance of a fraudulent demand, and that, too, in his own behalf. As well said by respondent's counsel the rule contended for would give a bonus for dishonesty, and work a dangerous encouragement to false and fraudulent claims by administrators against their estates—if they could litigate such claims through the courts at the expense of the estate.

Judgment affirmed. All concur.