ELLIS, Respondent, v. ELLIS et al., Appellants.

St. Louis Court of Appeals, June 5, 1906.

1. WILLS: Testamentary Bequests in Lieu of Statutory Allowance. In order that a widow may be deprived of the interest which the law gives her in her husband's estate by accepting a bequest, it must clearly appear by the terms of the will that the bequest was intended to be in lieu of the statutory provision.

2. ————: "In Lieu of Dower:" Statutory Allowance. The four hundred dollars allowance due a widow under section 107, Revised Statutes 1899 is not dower, and where a will bequeathed to a widow certain personal property "in lieu of dower," the acceptance of the provision of the will did not prevent her from claiming the allowance also.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Ball & Sparrow* for appellant; *F. J. Duvall* of counsel.

The only question presented by the evidence in this cause is this, can respondent recover four hundred dollars under section 107, R. S. 1899, and at the same time accept the will and take the bequests given her under the will, and at the same time repudiate that part of the will that says, it is given "in lieu of dower." Glenn v. Gunn, 88 Mo. App. 423.

*Leslie Edwards* and *Elliott W. Major* for respondent.

(1) Notwithstanding the property allowed the widow under and by virtue of the administration statute is her property absolute and vests in her on the death of her husband, yet the probate court has jurisdiction over the matter and this property should regularly pass through the probate court and the hands of the executor. Respondent's application and petition was, therefore, properly presented to the probate court for an order directing payment of the $400 to her. Griswold v. Mattix, 21 Mo. App. 282; R. S. 1899, secs. 107, 108, 109. (2) A provision in the will of the husband in favor of the wife will never be construed by implication to be in lieu of dower or any other interest in his estate given by law; the design to substitute one for the other must be unequivocally expressed. Hasenritter v. Hasenritter, 77 Mo. 162; Glenn v. Glenn, 88 Mo. App. 423. (3) The property allowed the widow under the administration statutes is no part of her dower. She has an absolute property in it. Bryant v. McCune, 49 Mo. 546.

GOODE, J. This case involves the construction of the following will:

"I William S. Ellis, of the County of Pike and State of Missouri, being of sound mind, do make and publish this my last will and testament, revoking all others.

"I give, devise and bequeath all of my property, real and personal in manner following, to-wit:

"1st. I desire and direct that all my just debts be paid, including necessary expenses that may be incurred after my death.

"2nd. I give and bequeath unto my beloved wife, C. V. Ellis, all my household goods on hand at my death.

"3rd. I give and bequeath unto my said wife one half of all my personal property, except the above named household goods in lieu of dower.

"4th. I give and devise unto my said wife my home farm, consisting of two hundred and nineteen (219) acres, so long as she remains my widow; in the event of her death or her marriage, I direct that my real estate shall go, two-thirds (2-3) absolutely to my beloved son, John T. Ellis, and one-third (1-3) absolutely to my beloved grandson, William A. Ellis.

"5th. I give and bequeath unto my said son, John T. Ellis, one-third (1-3) of all my personal property other than household goods above disposed of.

"6th. I give and bequeath unto my said grandson, William A. Ellis, one-sixth (1-6) of all my personal property other than household goods above disposed of.

"7th. I appoint my said wife, C. V. Ellis, and my said son, John T. Ellis, now residing in said county of Pike, executrix and executor of this my last will and testament.

"In testimony whereof I have hereunto set my hand this fifth day of May, 1898.

"WM. S. ELLIS."

The testator left an estate in personalty worth nearly four thousand dollars. His widow, the plaintiff, applied for an allowance of $400 out of this personal estate, and her application is contested by the other legatees on the ground that she has agreed to accept the testamentary provisions made for her which are said to be inconsistent with her right to take the allowance.

The general rule of law is that a legatee must choose

119 App.—5

between testamentary bequests and the interest or estate the law gives him, independently of the will, in the property of the deceased, if the will shows a clear intention on the part of the testator that the legatee shall not enjoy both the testamentary and the legal provisions. He cannot take both under the will and in opposition to it. [Graham v. Rosenburgh, 47 Mo. 111; Ball v. Ball, 165 Mo. 312.] For a widow to be deprived of her dower, or a statutory allowance, by accepting a bequest in her favor contained in the will of her deceased husband, the purpose must be plain. In support of the position that plaintiff is entitled to take both the legacies and the statutory bounty of $400 out of her husband's personalty, reliance is placed on the decision in Glenn v. Glenn, 88 Mo. App. 423. In each will the testator undertook to dispose of all his personal property among his wife and certain other legatees, and there is no material difference between the two documents, except that in the will before us the bequest to the wife is expressed to be "in lieu of dower." The question for decision is whether, by accepting the bequests of personalty when the terms of the will said the bequests should be in lieu of dower, the plaintiff lost her right to the statutory allowance. In the Glenn case we reviewed the authorities bearing on this question. The general rule of law governing the effect on the widow's right to statutory allowances out of her husband's estate, of the acceptance of bequests in her favor, is that the bequests do not exclude her right to the allowances unless the will so states in express terms, or contains provisions which clearly indicate that it was the intention of the testator that she should not receive both the bequests and the allowances. Our statutes give a widow a dower in the personal estate of a deceased husband. If the husband leaves children, this dower right in personalty is taken absolutely and is equal to a child's share. [R. S. 1899, sec. 2937.] It is subject to the debts of the deceased. The allowance given by section 107 of the statutes is not subject to his debts. The

statute does not designate the allowance of $400 out of personal estate as dower, but says it shall be deducted from the widow's dower in the personalty. Nevertheless, it has been called part of her dower occasionally. This designation of it has been condemned as inexact in decisions holding that the allowance differs in its essential attributes from dower.

Inasmuch as the intention of the testator to exclude plaintiff from the allowance must appear in order to prevent her from taking both the allowance and the bequests, she is entitled to both, unless the allowance is part of her dower and, therefore, excluded by the words excluding her dower. The testator undoubtedly intended to exclude plaintiff from dower if she accepted the will; but there is nothing in the will to show he intended to exclude her from any other estate which the law gave her, except dower. That this allowance of $400 is not dower, we regard as settled by several decisions of the Supreme Court and of this court, notwithstanding the fact that in other decisions, where the question was not material, the allowance was called dower.

In Bryant, Admr., v. McCune, 49 Mo. 546, it appeared that the deceased, Buford, had bequeathed to his wife a large portion of his estate, both real and personal, to hold during her life. A part of the will is copied in a subsequent case involving it, and therein it will be seen the wife was given all the testator's estate, both real and personal, for life, with an absolute power to dispose of one-half of it by will. Bryant, Admr. v. Christian, Admr., 58 Mo. 98. Shortly after the testator's death, his wife died. The litigation arose between the executors of Buford and Bryant as administrator of his wife, concerning her right to take the allowances provided by sec. 33, et seq., chap. 121, General Statutes 1865 (Wagner's Stat. chap. 88). Those sections are the same as sections 105 and following, of our present statutes, and compose that part of the administration law providing for the several statutory allowances to wid-

ows.   The argument advanced by the executors of Buford was, that he clearly meant for his testamentary dispositions in favor of his widow to exclude her right to dower and her statutory right to the allowances.   But the decision was that the allowances were not disposed of by the general provisions of the will.   It is said in the opinion that the statutory allowances are not part of dower proper, although partaking of its nature.

In Hasenritter v. Hasenritter, 77 Mo. 162, the proceeding was for four hundred dollars and compensation in lieu of a year's support.   The defense was that the will made other provisions for the widow and she had accepted them.   The will gave the widow certain insurance and her dower in the testator's real property according to law, and bequeathed the balance of the estate, real and personal, to his children.   The contention was that he evidently intended all his personal estate of every kind, except his insurance money, to go to his children and, hence, intended to exclude his wife from the statutory provisions.   This argument was rejected.

In Klosterman v. Langewisch, 6 Mo. App. 314, a deceased testator had made a specific bequest of money to his wife who afterwards died, and her administrator received the $400 allowed by the statute.   The contention was that the bequest of money was in lieu of that allowance.   In dealing with the proposition the court said that the statutory provision was often called the widow's "absolute dower," and that it partook of the nature of dower in being free from the claims of creditors and not subject to disposition by the husband's will.   The court then said that whether or not a bequest of personalty barred a widow's right to absolute dower in her husband's personalty, depended on whether the husband intended the bequest should be in lieu of the statutory provision; and as the provision of the statute was a clear legal right, an intention to exclude it must be demonstrated by express words, or clear implication.   It was held that the will showed no such intention.

When we look to the decisions in other jurisdictions, we find a practically unanimous opinion that this statutory bounty is not dower in the strict sense, and that a provision in a will that a bequest to the widow of the testator shall be in lieu of dower does not deprive the widow of her right to the allowance. [Cheek v. Wilson, 7 Ind. 354; Smith v. Smith, 76 Ind. 236; Shipman v. Keys, 127 Ind. 353; Langley v. Mayhew, 107 Ind. 198; Hurley v. McIver, 119 Ind. 53; Compher v. Compher, 25 Penn. St. 31; Peeble's Appeal, 157 Penn. St. 605; Miller v. Stepper, 32 Mich. 202; Watts v. Watts, 38 Ohio St. 480; Williams v. Williams, 5 Gray 24.] There is a more elaborate examination of the authorities in the opinion in the Glenn case.

The judgment is affirmed. All concur.