Elizabeth Overfield, Appellant, v. George Overfield et al.—30 S. W. (2d) 1073.

Division One, September 4, 1930.

*Hudson V. Smoot* and *John B. Smoot* for appellant.

*C. C. Fogle* for respondent.

SEDDON, C.—Action for the ascertainment and determination of title to 140 acres of real estate in Scotland County, Missouri, described as the southeast quarter of the southeast quarter of section 9; the northwest quarter of the southeast quarter, and the east three-eighths of the southwest quarter of section 16, all in township 66, range 11, west of the fifth principal meridian.

Plaintiff (appellant), Elizabeth Overfield, is the widow of Franklin T. Overfield, Sr., who died testate in the month of July, 1868. Franklin T. Overfield, Sr., at the time of his death, was the owner in fee simple of the above described lands, comprising 140 acres in area, upon which lands he and his wife, the plaintiff herein, resided. with their minor children, at and prior to the time of the death of Franklin T. Overfield, Sr. The defendants (respondents) are the children, and the heirs and devisees of deceased children, of said Franklin T. Overfield, Sr., who was the common source of title.

The petition is conventional in form, and alleges that plaintiff is the absolute owner of the fee simple title in and to the described lands; that the defendants claim and assert some right, title, claim, or interest therein; wherefore, plaintiff prays that the titles, estates and interests of the plaintiff and the defendants, respectively, in and to said real estate be ascertained, determined, defined and adjudged by the court.

Certain of the defendants filed separate answers, alleging, in substance, that defendants are the owners. in fee simple, of undivided interests in and to the described lands, subject, however, to the life estate of plaintiff therein, and that plaintiff, by her acts and conduct in the administration of the estate of her deceased husband, had elected to take and accept the provisions in her behalf made by the will of her deceased husband, under the provisions of which will plaintiff was entitled to a life estate only in the described lands.

Plaintiff, by her reply to the separate answers of defendants, alleges that the provisions in her behalf made by the will of her deceased husband were less in amount and value than the amount and value of property, real and personal, allowed to plaintiff, as the widow of the said Franklin T. Overfield, Sr., by the homestead and administration laws of Missouri in force and effect at the time of the death of her husband, Franklin T. Overfield, Sr., and alleges that the described lands, constituting the statutory homestead of Franklin T. Overfield, Sr., passed to, and vested in, plaintiff and became her absolute property in fee simple, and that plaintiff is the absolute and sole owner thereof, and that defendants, or any of them, have no right, title, or interest therein.

It was expressly agreed and stipulated in writing by the parties, upon the trial, that Franklin T. Overfield, Sr., acquired and was seized of the fee simple title to the 140 acres of land in controversy by virtue of a warranty deed from Nicholas Arthurs and wife, dated April 25, 1865, the expressed consideration of said warranty deed being $1900; that the said Franklin T. Overfield, Sr., made and published his last will and testament on July 10, 1868, wherein he devised and bequeathed to his wife, Elizabeth Overfield (the plaintiff herein), for and during her life, all the property, real and personal, that testator owned and possessed, it being furthermore provided in said will that, at the death of the wife, the real property of testator shall be equally divided among the heirs of testator, and wherein Elizabeth Overfield was nominated as the sole executrix of said will; that said Franklin T. Overfield, Sr., died on the —— day of July, 1868, a resident of Scotland County, "seized of the fee simple title to the said real property, which was all of the real property that he owned at the time of his death, and upon which he, the said Franklin T. Overfield, Sr., and the plaintiff herein, Elizabeth Overfield, as husband and wife, then resided and made their home, of which lands there were 140 acres, more or less;" that the last will and testament of Franklin T. Overfield, Sr., was duly admitted to probate in the County Court of Scotland County on August 1, 1868; and that Elizabeth Overfield was duly appointed executrix of said will on March 3, 1869, by the County Court of Scotland County, in accordance with the provisions of said will.

The evidence discloses that the lands in controversy comprise two separate and segregated tracts, forty acres thereof being situate in Section 9, Township 66, Range 11, and the remaining 100 acres thereof being situate in Section 16, Township 66, Range 11. The 40-acre tract is some three-fourths of a mile distant from the 100-acre tract. At the time of the death of Franklin T. Overfield, Sr., there was a small log house upon the 100-acre tract, which constituted the dwelling house of Franklin T. Overfield, Sr., his wife and minor children. The record before us contains the following express admission, made upon the trial of the action: "It is further admitted that the 40 acres of land described in the petition was (were) used in connection (with, and) as part of the whole 140 acres of land."

The evidence further shows that plaintiff, as the nominated executrix of the will of her deceased husband, Franklin T. Overfield, Sr., caused the will to be probated in the County Court of Scotland County; took charge of the personal property of decedent for the purpose of paying the debts against decedent's estate; and filed in the County Court of Scotland County an inventory of the estate, setting forth the real and personal property belonging to decedent

at his death. No appraisement of the value of decedent's property, real or personal, was made in the course of administration of said estate, nor does the record herein disclose that plaintiff, as executrix, made final settlement of the administration of the estate of her deceased husband. The inventory of the estate, filed by plaintiff, as executrix, in the County Court of Scotland County, recites that the real property belonging to Franklin T. Overfield, Sr., at his death comprised the 140 acres of land in controversy, against which land there was an unsatisfied mortgage indebtedness of $309.32. The inventory recites that the personal estate of Franklin T. Overfield, Sr., consisted of two promissory notes in the principal sums of $40 and $50, respectively; two horses; two cows; three heifers; one steer; two calves; ten sheep; ten hogs; 34 fowls; 100 bushels of wheat; 190 bushels of oats; 50 bushels of corn; 500 pounds of salted pork; a few farming implements; and a small amount of household and kitchen furniture. The inventory listed the debts of Franklin T. Overfield, Sr., exclusive of the mortgage indebtedness aforementioned, as aggregating the principal sum of $289.75.

The uncontroverted evidence tends to show that the pecuniary value of the real estate of decedent, in the year 1868, was $5 to $10 per acre, and therefore the value of decedent's real estate, at the time of his death, did not exceed $1400. The uncontroverted evidence further tends to show that the pecuniary value of the personal estate of decedent, at the time of his death, in the year 1868, after deducting the unsecured debts against decedent's estate, was approximately $343.

It further appears from the uncontroverted evidence herein that plaintiff has remained in continuous occupancy and possession of the 140 acres of land in controversy, constituting the statutory homestead of her deceased husband, residing thereon and using the same until the commencement of the instant action, and that plaintiff has erected certain valuable improvements thereon, consisting of a dwelling house, a barn, poultry and other out-buildings.

The defendants proffered no evidence of the pecuniary value of the real and personal property belonging to Franklin T. Overfield, Sr., at the date of his death in July, 1868. The defendants proffered in evidence, as tending to show an election by plaintiff to take under the will of her deceased husband, the following statement, filed by plaintiff, as executrix of the estate of Franklin T. Overfield, Sr., on February 14, 1871, in the County Court of Scotland County: "Elizabeth Overfield, executrix, would respectfully represent to the court that she is the widow of Franklin T. Overfield, Sr., deceased, and that under his last will and testament she is the sole devisee of the personal property and the sole devisee of all the real estate of which he died seized, for her natural life; that she is paying

88

the debts of said estate and maintaining herself and children out of the personal property and rents and profits of said real estate, and would pray the court that this matter may be continued generally.''

Evidence was adduced by defendants to the effect that plaintiff had stated, on one or·more occasions, that the land in controversy ''was willed to her for her lifetime, and then it went to his (her deceased husband's) heirs;'' and that plaintiff ''had never claimed any other interest in the land.'' It is uncontroverted that all of the children of Franklin T. Overfield, Sr., had attained their majority long prior to the commencement of the instant action.

The trial court, without the aid of a jury, entered a judgment, finding and declaring plaintiff to be vested with a life estate in the 140 acres of land in controversy, and declaring certain of the defendants to be vested with undivided interests in fee simple in and to said land, subject, however, to the life estate of plaintiff therein. After unavailing motions for a new trial and in arrest of judgment, the plaintiff was allowed an appeal to this court. This court takes jurisdiction of the appeal because the action is one ''involving title to real estate.'' [Art. 6, sec. 12, Const. of Mo.]

Plaintiff-appellant, Elizabeth Overfield, assigns as error the entry of the judgment *nisi*, insistently asserting that the judgment below is wholly unsupported by the evidence, and is against both the law and the evidence. Appellant contends, upon this appeal, that the uncontroverted evidence establishes the facts to be: (a) that the 140 acres of land in controversy constituted the  statutory homestead of Franklin T. Overfield, Sr.; and (b) that the pecuniary value of the real and personal property belonging to Franklin T. Overfield, Sr., at the time of his death, in the month of July, 1868, was less (and not greater) than the pecuniary value of the estate, real and personal, which plaintiff, as the widow of Franklin T. Overfield, Sr., was entitled to take as her own property, absolutely, under the homestead and administration statutes of Missouri in force and effect at the time of the death of her husband in the year 1868; wherefore, appellant insists that there was no property, real or personal, on which the will of her deceased husband might operate, as against the appellant widow's absolute statutory rights, and that there was no consideration to support an election by her, and hence the reason upon which the application of the doctrine of election rests must fail in the instant case.

The appellant has filed herein an able brief, fully presenting her contentions, and citing numerous controlling decisions of this court in support thereof. The respondents (defendants below) have not filed in this court a brief and argument against the contentions of

appellant. The appeal was submitted to this court without oral argument. A study and analysis, on our part, of the statutory law in force and effect at the time of the death of Franklin T. Overfield, Sr., and of the decisions of this court construing such statutory law, leads us to the conclusion that the learned trial court erred in the judgment *nisi*.

The Homestead Statute in force and effect in the year 1868, at the death of Franklin T. Overfield, Sr., defined the homestead of the head of a family as "consisting of a dwelling house and appurtenances, and the land used in connection therewith," and provided that "such homestead, in the country, shall not include more than one hundred and sixty acres of land, or exceed the total value of fifteen hundred dollars." [Chap. 68, sec. 1, Wagner's Stat. of Mo.] The said Homestead Statute further provided: "If any such housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead, to the value aforesaid, shall pass to and vest in such widow or children, or if there be both, to such widow and children, without being subject to the payment of the debts of the deceased, unless legally charged therein in his lifetime; and such widow and children, respectively, shall take the same estate therein of which the deceased died seized; provided, that such children, by force of this chapter, only have an interest in such homestead until they shall attain their majority; . . ." [Chap. 68, sec. 5, Wagner's Stat. of Mo.]

Construing the Homestead Statute, supra, this court has repeatedly and uniformly ruled that, where the husband died, while such statute was in force and effect, seized of a fee simple title in the homestead, his widow, by virtue of the statute, took, and became vested with, an absolute title in fee simple in the homestead, upon the death of the husband. [Skouten v. Wood, 57 Mo. 380, 383; Register v. Hensley, 70 Mo. 189, 194; Burgess v. Bowles, 99 Mo. 543, 547; Van Syckel v. Beam, 110 Mo. 589, 592; Weatherford v. King, 119 Mo. 51, 55; Mills v. Mills, 141 Mo. 195, 198; Lewis v. Barnes, 272 Mo. 377, 393.]

Moreover, our court has uniformly ruled that such statute, in defining the character and extent of the homestead, does not require the lands (constituting the homestead) to be contiguous or physically connected, but only requires that they be used in connection with the dwelling house and its appurtenances. [Perkins v. Quigley, 62 Mo. 498, 503; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 354, 369; Adams v. Adams, 183 Mo. 396, 402; Haggard v. Haggard (Mo. Sup.), 233 S. W. 18, 19.] It was expressly admitted upon the trial of the instant action that the 140 acres of land in controversy was all of the real property that was owned by Franklin T. Overfield, Sr., at the time of his death, in July, 1868, "upon which

(lands) he, the said Franklin T. Overfield, Sr., and the plaintiff herein, Elizabeth Overfield, as husband and wife, then resided and made their home, of which lands there were 140 acres, more or less;" and it was further expressly admitted "that the 40 acres of land described in the petition was (were) used in connection (with, and) as part of the whole 140 acres of land." Under such express admissions of the parties, the 140 acres of land in controversy, although not contiguous, constituted the "homestead" of Franklin T. Overfield, Sr., as defined by the Homestead Statute in force and effect at the time of his death, the evidence being uncontroverted that the total value thereof did not exceed $1500. [Chap. 68, sec. 1, Wagner's Stat. of Mo.]

The Administration Statute (Chap. 2, Art. 2, secs. 33 and 34, Wagner's Stat. of Mo.), in force and effect at the time of the death of Franklin T. Overfield, Sr., allowed to plaintiff, the widow of decedent, as her absolute property, certain personal property of her deceased husband. The Administration Statute, effective at the husband's death, furthermore provided that, in addition to the personal property allowances made to the widow by Sections 33 and 34 of the said statute, "the widow may take such personal property as she may choose, not to exceed the appraised value of four hundred dollars, for which she shall give a receipt." [Chap. 2, Art. 2, sec. 35, Wagner's Stat.] Construing the aforecited sections of the Administration Statute, we have consistently ruled that the personal property of the deceased husband, mentioned in the cited sections of the statute, becomes the absolute property of the widow, without election on her part, and that the husband has no power to dispose of such personal property by will. [Cummings v. Cummings, 51 Mo. 261, 263; Hasenritter v. Hasenritter, 77 Mo. 162, 165.]

The record herein indisputably discloses that the personal property belonging to plaintiff's husband at the time of his death was less in amount and value than the personal property allowed to the plaintiff widow, as her absolute property, under and by virtue of Sections 33, 34 and 35 of the Administration Statute, supra. Under such circumstances, did the plaintiff and appellant herein, by her acts and conduct, waive her absolute estate in fee simple in the homestead lands in controversy, and did she elect to take the provisions made for her by the will of her husband, in lieu of the provisions made for her by the homestead and administration laws in force and effect at the time of her husband's death? The judgment of the learned trial court answered the foregoing question in the affirmative. In our opinion, the trial court erred in entering such judgment.

Speaking to an almost identical state of facts, this court held, in Burgess v. Bowles, 99 Mo. 543, 547 et seq.: "For the purposes of

this case, the land must be regarded as the homestead of deceased It was within the legal limits regarding value and extent, and was all the realty he owned. He left some personal property. Defendant, while his widow, took possession of all this property, had the will probated and paid off a number of his debts. In so doing she probably intended to act under the will, but, after her marriage to Mr. Bowles, she claimed the land by virtue of the homestead law That is her claim now. The law in force when Giles died controls the rights of these parties. Under it the widow would take the same estate owned by the deceased in the homestead, his children being adults when this action [in ejectment] was begun. [Skouten v. Wood, 57 Mo. 380; Register v. Hensley, 70 Mo. 190.] Plaintiff's counsel contend that, as defendant acted under the will, she must be deemed to have elected [to take] the estate thereby created and hence could not take under the homestead law adversely to that estate. Had she received any greater estate (real or personal) under the will than that which she would otherwise have been entitled to claim under the homestead and administration law, it would be necessary to meet and decide that question. But the doctrine of election can have no application where the property received is not greater than the party would have the right to take under the law without reference to any will. Plaintiffs did not establish in this case that it was greater. Without such showing the homestead, the subject of this action, must be regarded as vested absolutely in defendant from Giles's death (Wag. Stat., p. 698, sec. 5), as well as his .personal property to the extent defined by the administration law then in force. [Wag. Stat., p. 88, secs. 33, 35; Cummings v. Cummings, 51 Mo. 261; Hastings v. Myers' Adm'r., 21 Mo. 519.] if there was no property on which the will would operate, as against the widow's absolute statutory rights, there would be no considera- tion for an election by her and the reason on which the doctrine of election rests would fail. No formal renunciation of the will would be necessary in such case to confirm her title to the property which the law itself gave her. [Hasenritter v. Hasenritter, 77 Mo. 162.]''

· In the recent case of In re Goessling v. Goessling, 287 Mo. 663, 679 230 S. W. 613, 618, this court, en banc, said: ''The doctrine of election can have no application or relevancy, where, as in this · case, the property received [under and by virtue of the provisions of the deceased husband's will] is less than the widow is entitled to under the statute without reference to any will. [Burgess v. Bowles, 99 Mo. 548; Ball v. Ball, 165 Mo. 327.]''

Under the uncontroverted evidential facts, as disclosed by the record in the instant case, the provisions made for plaintiff by her husband's will were not greater in amount and value than the absolute statutory rights allowed and given to plaintiff by the home-

stead and administration laws in force and effect at the date of her husband's death. Consequently, there was no property, real or personal, on which the will of Franklin T. Overfield, Sr., could operate, and hence there was no consideration for an election by plaintiff, and the doctrine of election has no application herein.

It follows, therefore, that the judgment of the circuit court must be reversed, and that the cause should be remanded to the circuit court with directions to enter a judgment declaring plaintiff, Elizabeth Overfield, to be the sole and absolute owner, in fee simple, of the 140 acres of land described in the petition, and declaring that defendants, or any of them, have no right, title, interest or estate in and to said 140 acres of land. It is so ordered. *Lindsay* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.