Florence M. McLAUGHLIN, as Executrix of the Estate of Celestine T. Tralle, Deceased, Plaintiff-Respondent,

v.

Mary Ellen TRALLE, Defendant-Appellant,

Thomas J. Tralle, Agnes M. Tralle, Charlotte Hallander, Formerly Charlotte Martin, and Louis H. Schaeffer, Administrator of the Estate of Georgia T. Schaeffer, Deceased, Defendants-Respondents.

No. 44176.

Supreme Court of Missouri.

Division No. 2.

Dec. 13, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied Jan. 10, 1955.

J. John Gillis, Kansas City, for appellant.

Downey, Abrams, Stark & Sullivan, Kansas City, for respondents.

SAMUEL A. DEW, Special Judge.

The plaintiff, Executrix of the estate of Celestine T. Tralle, deceased, brought this action for a declaratory judgment to declare the rights of the defendants under the Last Will and Testament of said deceased. From the decree of the court contrary to the claims and contentions of the defendant Mary Ellen Tralle, widow of deceased, and in favor of the remaining defendants, she has appealed.

The pertinent parts of the will of Celestine T. Tralle, after directing his debts to be paid, are as follows:

Paragraph II provides: "To my wife, Mary Ellen Tralle, I direct that there be paid out of my estate the absolute property which is allowed to her by the laws of the State of Missouri".

In Paragraph III the testator devised to his wife (the appellant) the "home place" in Jackson County, Missouri, and bequeathed to her "all furniture and household effects that may be therein at the time this document becomes effective, and any and all automobiles or motor vehicles which I may own at that time".

Paragraph IV provided for clearing an incumbrance (presumably paid) that might be still of record against the "home place" so that the widow might receive the property clear.

In Paragraph V the testator devised to his two sisters, defendants Agnes Tralle and Charlotte Martin (Hallander), any mortgagee's interest he may have of record in certain real estate in Jackson County, Missouri, on which a tavern and cabins described were situated.

In Paragraph VI the sum of $5,000 was bequeathed to a nephew, Eddie Tralle.

Paragraph VII was as follows: "All the rest and residue of my estate, I give, devise and bequeath to my wife, Mary Ellen Tralle, my sisters Georgia Schaeffer, Agnes Tralle and Charlotte Martin and my son, Thomas J. Tralle, in equal parts, share and share alike".

The parties defendant are related to the testator as follows: Mary Ellen Tralle, widow and legatee; Thomas J. Tralle, legatee and surviving child, there being no surviving child of any deceased child of the testator; Georgia T. Schaeffer, Agnes M. Tralle, and Charlotte Martin (Hallander), legatees and sisters of decedent. Since this appeal was taken, defendant Georgia T. Schaeffer has died and Louis H. Schaeffer, as administrator of her estate, has been substituted for her in this cause as a party respondent.

According to the substance and effect of the pleadings, the appellant, as widow of the deceased, contends that under Section 469.070 RSMo 1949, V.A.M.S., she has an absolute right to a share in the personal estate of her deceased husband, equal to the share of a child of decedent. That section reads as follows:

"When the husband or wife shall die, leaving a child or children or other descendants, the widow or widower shall be entitled absolutely to a share in the personal estate belonging to the husband or wife at the time of his or her death, equal to the share of a child of such deceased husband or wife".

Appellant contends that her right under Section 469.070 is independent of her husband's will, in harmony with the intent of the testator, and does not require her to make an election to take under the will or to renounce it. In addition to the personal effects to be retained by the widow, and provision for her maintenance for one year, as provided in Section 462.450, and additional personal property or cash not to exceed the appraised value of $400, allowed under Section 462.460, she also claims both under Paragraph II of the will and under said Section 469.070, her right to a share (one-half) of the personal assets equal to that of a child of the decedent, and then, subject to the payment of specific bequests (including her own) and taxes, debts and costs of administration, she claims the right to share equally with the son and three sisters of decedent, the residue of the estate, as provided in Paragraph VII of the will. The prayer of her answer is that she be adjudged to have the right of a child's share, as aforesaid.

There is no dispute about the facts. The evidence was that the deceased had been divorced from his former wife and had been married to the appellant about three years at the time of his death; that he was on the best of terms with all the defendants as they were with one another; that since the death of decedent, appellant applied for and obtained allowances of $3,000 for her maintenance and $400 additional as provided by Sections 462.450 and 462.460; that thereafter she accepted the real estate, household effects and automobile mentioned in Paragraph III of the will, and two partial distributions from the estate, one for $7,500 and one for $5,000. She has filed no election in the Probate Court and has not renounced the will.

The decree of the court, after finding of the above facts, adjudged that appellant is not entitled to take and receive under Paragraph II of the will a share in the personal estate of the decedent equal to the share of a child of decedent, after the payment of statutory allowances, specific legacies, taxes, debts and costs of administration; that she is not entitled to take

and receive such a share independent of and without reference to the will; that she is entitled to participate to the extent of one-fifth, in the residuary estate, as provided in the will, after payment of statutory allowances, that is, the appropriation made by the Probate Court for her support for one year pursuant to Section 462.450 RSMo 1949, V.A.M.S., and $400 as authorized by Section 462.460, and after payment of the specific legacies, taxes, debts and costs of administration. The costs of the action were assessed against the Executrix as a part of the cost of the administration of the estate. After an unsuccessful motion for new trial filed by defendant Mary Ellen Tralle, the widow, she took this appeal.

The only point made on the appeal is that the court erred in construing Section 469.070 RSMo 1949, V.A.M.S., (1) in finding that the widow (appellant) was not entitled to receive under Paragraph II of the will a share in the personal estate of her deceased husband equal to that of a child of decedent, after payment of statutory allowances, specific bequests, taxes, debts, and costs of administration, as her "absolute property" under that section; and (2) in finding that appellant was not entitled to receive under that section such a child's share, independent of and without reference to the will after payment of other statutory allowances, specific legacies, taxes, debts and costs of administration, as her "absolute property" in addition to the bequests to her in the will, there being nothing in the will to indicate the testator intended such bequests to be in lieu of her statutory rights.

Appellant on this appeal sums up the nature of her claim as follows: "The widow claims the right to such child's share, as her *absolute property*, under Paragraph II of the will. She also claims the right to said share, as her *absolute property* and marital rights, under Section 469.070, RSMo 1949, without reference to said will". In her brief she states that there is, strictly speaking, but one question in the case, namely, whether she is entitled to a child's share in the personal estate of her

deceased husband in addition to the specific bequest to her in the will.

Respondents take the position (1) that "absolute property", as used in Paragraph II of the will is limited to "absolute property" mentioned in Sections 462.450 and 462.460, which provide for the retention by the surviving spouse, out of the personal assets of the deceased spouse of certain household effects, provisions and maintenance for a period of one year, and for an additional $400 in cash or other property; and (2) that for the appellant to take also a child's share of the personalty under Section 469.070 would be inconsistent with the intention of the decedent and the provisions of his will. Respondents assert that all parties acknowledged the will to be ambiguous and that, therefore, the real issue is the intention of the testator.

■ The rule which the courts must follow in the construction of a will is prescribed by statute. Section 468.620 RSMo 1949, V.A.M.S., is as follows: "All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them". In applying that rule the court will consider the will from its four corners and will give effect to its plain provisions that do not violate the law. McElroy v. Fluker, Mo.Sup., 265 S.W.2d 361. Even if the appellant were not claiming a child's share under Paragraph II of the will, but claimed only under Section 469.070, on the theory that such a share in her husband's personal estate is a marital right, the decisive question here would still be the intent of the testator. That is true not only because of the testator's direction that his widow be paid all the absolute property which the law allows her, but because of the substantial property devised and bequeathed to her under the will which she has accepted in great part.

■■ There can, of course, be no doubt that appellant's temporary allowances of property and funds under Sections 462.450 and 462.460 are her "absolute property", to which she is entitled free and clear of

creditors, distributees and other beneficiaries. Property allowed under those statutes cannot be disposed of by the will of the husband. Overfield v. Overfield, 326 Mo. 83, 90, 30 S.W.2d 1073; Monahan v. Monahan's Estate, 232 Mo.App. 91, 89 S.W.2d 153. Unless plainly otherwise provided by her husband's will his widow may receive her allowances under the above two sections, free of debts, legacies, taxes and costs, and she may also participate under the will. Ball v. Ball, 165 Mo. 312, 65 S.W. 552; Ellis v. Ellis, 119 Mo.App. 63, 96 S.W. 260.

The legal nature of a widow's claim to a child's share of the personalty under Section 469.070 presents a different question. That section provides that she shall be "entitled absolutely" to such share under the conditions named. In In re Dean's Estate, 350 Mo. 494, 166 S.W.2d 529, 532, 535, it was said that such a right under the above statute and kindred statutes are "absolute, cannot be destroyed by will, and are called marital rights". But a share under that section is subject to debts. In re Bernays' Estate, 344 Mo. 135, 126 S.W.2d 209, 122 A.L.R. 169.

Discussing the statutes pertaining to a widow's right to personal property of her deceased husband, it was said in the Bernays' case, 126 S.W.2d at page 215: "The apparent intent of the legislature in making these provisions [now Sections 462.450 and 462.460] was to provide a temporary support for the surviving spouse and family, a purpose founded on sound public policy and intended for the conservation of the family. * * * But so much cannot be said of the share a widow takes in the personal estate of her deceased husband other than those absolute allowances".

In Andrews v. Brenizer, Mo.App., 230 S.W.2d 787, 791, it was said: "In short, we conclude that the right of a widow to one-half of the personal estate of her deceased husband under Section 325 [now Section 469.090], unlike her allowances under Sections 106 and 107 [now Sections 462.450 and 462.460], is not a right wholly independent of provisions inconsistent therewith contained in his Last Will and Testament. Such inconsistency may consist of express words of the will, excluding her rights under Section 325 [now Section 469.090], or may consist of the substance, intent and purpose of the will as shown by its provisions in their entirety". There are other statutes which strongly infer that a widow's right to a child's share in the personalty of her deceased husband does not mean a reservation of any of such property for the widow, independent of debts, taxes and costs. Section 462.010 requires the executor or administrator, immediately after the grant of letters of administration to collect and take into possession the personal property of the deceased, "except the property reserved as the absolute property of the widow". Under Section 461.120, a probate court is authorized to refuse to grant letters of administration if the "estate * * * is not greater in amount than is allowed by law as the absolute property of the widower, widow or minor children * * *". It was pointed out in In re Estate of Messersmith, 264 Mo. 610, 619, 175 S.W. 914, that a widow takes the child's share under Section 469.070, as a distributee and not as a dowress.

Although the claim of appellant here is one to which the statute says she is "absolutely entitled" as a marital right, the question remains, Is the appellant entitled to a child's share of the personalty under Section 469.070, and at the same time entitled to take under her husband's will? Based on the exhibits in evidence, appellant states that if she is not given her child's share, she will receive the specific bequest of personal property in the approximate amount of $52,890.48, and the other five beneficiaries a total of $122,557.56; that if she be given her child's share of the personalty she will receive about $96,773.91 and the other beneficiaries a total of $95,738.24. No estimates are made as to the real estate devised to the beneficiaries.

The same legal issue was involved in Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135, 149. In that case the widow accepted annuities and other substantial benefits under the will of her husband, but claimed also a statutory child's part of the personal

property as a marital right, independent of the will. The will contained provisions for a trust to which the testator devised and bequeathed the residue of his estate. At the widow's death, her administrator sued for a child's share of the personal assets of her deceased husband's estate. The issue was raised as to whether the "residue" of her husband's estate provided for her by his will included or excluded the child's part of the personalty claimed by the widow. It was pointed out by the court in that case that the large trust estate required management by the trustees; that options were given to the testator's sons, the trustees, to buy the trust property or to sell it, and that to give to the widow a substantial part of the personalty as her absolute property would be inconsistent with the will; that, furthermore, the will confirmed a gift to the widow of the residence and all household goods therein, and she was bequeathed an annuity of $12,000, all of which clearly evinced the intent of the testator that such benefits provided for the widow were to be "in lieu of her dower interest in the real estate as well as her statutory rights in the personal property".

■ The court in the Trautz case, supra, said that it was true that the above section gave the widow an absolute right to a child's share in the personal property of her deceased husband without any election with reference to the will, but the court proceeded, however, to hold in 329 Mo. at page 612, 46 S.W.2d at page 147: "However, if it appears from the will that testator intended to dispose of the share in the personal estate which the law gave to the widow and attempted to compensate her therefor by giving her in lieu thereof a substantial gift out of property which he owned and had a right to dispose of, the question is, Can she lawfully take both the child's share and the bequest under the will? In other words, is she entitled to take under both the law and the will? The solution of this question depends upon whether or not the testator intended the bequest in the will to be in lieu of or in addition to that which the law gave the widow. Of course testator had no lawful right to dispose of the child's share in the personal estate which the law gave to his widow, but, if he intended to do so, and intended to compensate her therefor by giving her a substantial sum out of his own property which he had a lawful right to dispose of, she cannot accept the provision made for her in the will, without allowing her property to be disposed of as the will directs. Wood v. [Conqueror] Trust Co., 265 Mo. 511, 525, 178 S.W. 201; Moseley v. Bogy, 272 Mo. 319, 198 S.W. 847, 848; 40 Cyc. 1959".

The court in the Trautz case found that the intention of the testator was that his widow should take the substantial provisions made for her in his will in lieu of her interest in the personal property within the trust. This being true, the court said the widow was then required to elect as to whether she would claim under the will or under the statute; that inasmuch as there was no statute requiring her to make such election, equity would require her to do so, under the circumstances shown. The court further held that because of her acceptance of annuities and other benefits under the will she had elected to take under the will and not under the statute.

Under the will in the instant case, appellant is given an absolute title to the residence property of the deceased, valued at $17,000, and a one-fifth interest in the title to the residue real estate appraised at $23,000, instead of her statutory dower of possession of one-third of decedent's real estate for life. She is bequeathed all of the household effects instead of such only as allowed her by statute; she is given the automobile belonging to the deceased, and in addition, she is willed a full one-fifth interest in the residue of the estate, after the devises and legacies (including her own), and debts, taxes and costs are satisfied. To take a child's share (one-half) of the personal estate in addition to her bequest would increase her part of the testator's personal estate by an estimated sum of $43,883.

■ In view of the fact that there is no indication in the will or in the evidence

that the testator was not on amicable terms with all of the beneficiaries of his will, or intended that their specific devises or bequests might be materially reduced or defeated, and considering his stated acknowledgment of his widow's marital rights under the statutes, and the whole record before us, it is our conclusion that Celestine T. Tralle intended, by the provisions in his will for his wife, that she should accept the same in lieu of a statutory child's part in his personal property. We hold further that, under the circumstances of record herein, appellant was required, in equity, to elect whether to accept her right to a child's part in the personal estate under Section 469.070, or to accept the benefits under her husband's Last Will and Testament, and that having made no such election and having accepted substantial provisions made for her under the will in the form of both real and personal property, she, in equity, is deemed to have elected to take under her husband's will, rather than under Section 469.070, as claimed. Judgment affirmed.

LEEDY, Acting P. J., and ELLISON, J., and ANDERSON, Special Judge, concur.